## Wytheville.

### FLOYD FREEMAN V. COMMONWEALTH.

#### June 29, 1921.

1. HOMICIDE—*Evidence—Sufficient to Sustain a Verdict of Murder—Self Defense.*—In the instant case accused was found guilty of the murder of his mistress, and the evidence was held sufficient to support the conviction notwithstanding accused's testimony that he killed deceased in self defense.

2. NEW TRIALS—*After-Discovered Evidence—Diligence.*—An affidavit of an undertaker as to the position and number of shot wounds on the body of deceased, if true, will not support a motion for a new trial on the ground of after-discovered evidence, as the facts should have been ascertained and proved at the trial.

3. ORDER OF PROOF—*Discretion of Court—Case at Bar.*—The order of introduction of testimony lies largely in the discretion of the trial court, and in the instant case that discretion was not abused, where, after evidence was all in, and the case adjourned to the next day to hear argument, the Commonwealth on that day was permitted, over the objection of the accused, to introduce an additional witness as to the number and location of the wounds on the person of the deceased.

Error to a judgment of the Circuit Court of Wise county.

*Affirmed.*

The opinion states the case.

*D. F. Kennedy,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

[1] The plaintiff in error was convicted of murder of the first degree and sentenced to a term of twenty-five years in the penitentiary. He assigns three errors to rulings of the trial court, all of which are destitute of merit. There was some conflict in the testimony, but all such conflicts were settled by the verdict of the jury in favor of the Commonwealth.

The case made by the Commonwealth was as follows: Freeman was a married man, and in October, 1919, made the acquaintance of Willie Bradshaw, the deceased, who was a good looking but fast young woman. She was his mistress and he furnished her money and supplies. She had a pistol which she frequently carried in her bosom and Freeman knew this, but on the day of the homicide the pistol was in her trunk. The homicide occurred on Sunday, July 20, 1920. On the previous Friday night, Freeman, together with A. J. Roberts, was on his way to the Bradshaw house, and when in sight of the Bradshaw house they saw Charlie Peters go into the house, whereupon Roberts decided to go no further and advised Freeman not to go, but Freeman replied "I am going up and if you see me coming off the hill with my gun and hat in my hand you can say something is up." On the following Sunday, Freeman went to the Bradshaw house and walked up to the door of the kitchen in which were Willie Bradshaw and Charlie Peters and said "hello folks" and Willie replied "come in." Freeman immediately drew his pistol and fired three shots at Willie Bradshaw, two of which took effect in the back of the head and one in the back just below the left shoulder blade, and she died immediately. Peters had taken refuge under the kitchen table, but when the mother of Willie Bradshaw rushed into the room Peters raised up and Freeman leveled his pistol at him, but Mrs. Bradshaw

knocked the muzzle up and shot took effect in the ceiling. Freeman then left the house and got into the automobile in which he had arrived, and was driven off and subsequently arrested in Coeburn. The only defense offered was self defense. In support of this defense, Freeman testified that "when he went into the house, he stepped up to the door and said 'hello folks' and made one more step toward entering the house and that Charlie Peters, who was standing to one side of the door on in the inside, said to Willie Bradshaw, 'There he is now, put it to him,' and that she (Willie Bradshaw) went into her bosom and brought out her gun, and that the same time he pulled his gun and beat her to it and shot her; that he was very much excited and did not know how many shots were fired, but he thought he fired three shots; that he did not shoot the deceased in the back." Three witnesses for the Commonwealth testified to the shots in the back of the head and in the back. There was other corroborating evidence, but what we have recited is sufficient. The trial court was plainly right in overruling the motion to set aside the verdict as contrary to the evidence.

[2] The trial court was equally right in refusing to set aside the verdict on the ground of after-discovered evidence. There is no evidence that what was offered was "after-discovered" or that any diligence was exercised to discover it. Indeed, if the affidavit of the undertaker that there were only two shot wounds on the deceased, one at or near the top of the head ranging downward, and one on the left side of the back ranging across to the right side, contains the truth it was gross negligence not to have ascertained the facts and proved them at the trial. The law on this subject was fully discussed in the recent case of McClung v. Folks, 126 Va. 259, 101 S. E. 345.

[3] After the evidence was all in, the case was adjourned to the next day to hear argument. The next morning, the

Commonwealth was permitted, over the objection of the accused, to introduce a witness as to the number and location of the wounds on the person of the deceased, and this is assigned as error. Two witnesses for the Commonwealth had already testified on the subject.

The order of introduction of testimony lies largely in the discretion of the trial court, and in this case that discretion was not abused. The subject is fully discussed in the recent case of *Robertson's Ex.* v. *Atlantic Coast Realty Co.*, 129 Va. 494, 106 S. E. 521. See also *Burks* v. *Commonwealth*, 126 Va. 769, 101 S. E. 230.

The trial court was plainly right in all of its rulings.

*Affirmed.*