# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

SHIRKEY AND OTHERS v. KIRBY, TRUSTEE AND OTHERS.

November 18, 1909.

Absent, Buchanan, J., and Keith, P.

1. EQUITY—*General Original Jurisdiction—Administration of Trusts—Security for Loans.*—On the application of a trustee, a court of equity has the power, independently of statute, to secure a loan for necessary repairs and payment of a collateral inheritance tax on the corpus of real estate held in trust as a home for the joint use and benefit, support and maintenance out of the proceeds, of a husband and wife and his infant children during the lives of the parents, with remainder in fee simple to the children. The court, however, is limited in its power to the extent of the trust subject, and as the trust terminates with the lives of the parents, and the remainder is given to the children in fee, it has no power to extend the lien to the remainder in the land after the expiration of the trust estate.

2. EQUITY JURISDICTION—*Trusts—Effect of Subsequent Statutes.*—Trusts are peculiarly within the original cognizance of courts of chancery, and subsequent enactments dealing with that subject are not to be construed as taking away their pre-existing jurisdiction, unless such intention plainly appears.

3. TRUSTS—*Powers of Trustee—Powers of Guardians—Testamentary Trusts.*—The rights and powers of an executor or trustee under a will who holds the title to the property are quite different from those of a guardian who has the mere custody and management of his ward's estate, and the principles applicable to the latter relation and the decisions in relation thereto are not controlling in cases arising out of testamentary trusts.

Appeal from a decree of the Circuit Court of Augusta county in a suit in chancery in which appellants filed a petition for a rehearing, which was refused.

*Reversed in part.*

The opinion states the case.

*Timberlake & Nelson,* for the appellants.

*J. M. Perry,* for the appellee.

Whittle, J., delivered the opinion of the court.

The question submitted on this appeal involves the power of a court of equity, independently of statute, to secure a loan for necessary repairs and payment of a collateral inheritance tax on the corpus of real estate held in trust as a home for the joint use and benefit, support and maintenance out of the proceeds, of a husband and wife and his infant children during the lives of the parents, with remainder in fee simple to the children.

The precise terms of the trust created by the will of Davis A. Kayser, deceased, are as follows: "I give, devise and bequeath to my nephew, Joseph J. Shirkey, my farm of 252 acres in Augusta county, near Staunton, known as 'The Virginia Waukesia Springs,' of which land 146 acres lie on the east side of the county road, and 106 acres on the west side of said road . . . (and all the personalty thereon), in trust, for the benefit and use of his wife and children; and at the death of the said Joseph J. Shirkey and his wife the said land shall pass to his lawful children then living, in fee simple. My object in making this devise is that out of the proceeds of the said farm there shall be a decent and comfortable living and home for the said Shirkey, for his wife and for his children, jointly; that all profits from said farm shall be held for the use and benefit of his wife and children; and that a remainder in fee simple be vested in his lawful children upon the death of the said Shirkey and his wife."

On the death of the testator the trustee was confronted with these conditions: There was a lien upon the property in favor of the Commonwealth for a collateral inheritance tax of $447.46. The personal property upon the farm was inconsid-

erable in amount and indispensable to its use; and the residence a large brick building located on the 146 acre tract, was in such ruinous condition that it was unsafe and uninhabitable, and actually falling down. For the conservation of the estate, indeed to prevent a failure of the trust, immediate action by the trustee became imperative.

There were no available trust funds, and to meet the emergency the trustee, with his own means, made such repairs and improvements as were necessary to preserve the estate and afford the beneficiaries the proper use and enjoyment of the trust subject, and a decent and comfortable home, as contemplated by the testator. The trustee then brought this suit against the beneficiaries, invoking the aid of a court of equity for reimbursement; and to that end praying that the existence of his lien for advances might be established as a charge upon the land, and that he be authorized to borrow a sufficient sum to repay the amount advanced and discharge the lien of the State for taxes, and to secure the loan by deed of trust upon the farm.

The allegations of the bill were established, and the circuit court granted the relief prayed for. The requisite amount of money was borrowed from the appellee, O'Connell, and secured by a trust deed on the entire tract of land.

The debt being several years past due, O'Connell was proceeding to enforce his deed of trust against the smaller of the two parcels of land when the infants, by their next friend, filed a petition to rehear and set aside the former decree, on the ground that the terms of the statute for leasing and selling lands of persons under disabilities had not been complied with, and that the court was without jurisdiction. But upon a rehearing the court adhered to its former decision, and the petitioners appealed.

It is conceded that this is not a proceeding under Va. Code, 1904, ch. 117, sec. 2620, to borrow money to be used to erect buildings or other improvements on lands of persons under disabilities. The relief sought is addressed to the general juris-

diction of the chancery court with respect to trusts and trustees, a jurisdiction coeval with the foundation of the Commonwealth, and the exercise of which constitutes a basic principle of our system of equity jurisprudence.

The exigency which called into operation this jurisdiction in the instant case is not overstated in the decree under review, where it is said: "That the object of the devise . . was to furnish a decent and comfortable home for the devisees upon said land; that said repairs and improvements were not only necessary and essential in order that the buildings upon the said land might furnish the beneficiaries of the trust . . a decent and comfortable home, as directed by the testator, but were in great part made in order to save, and did save, the residence thereon from entire ruin. . ."

The general doctrine that trusts are peculiarly within the original cognizance of courts of chancery will not be denied; and it is a settled rule of interpretation of statutes that subsequent enactments dealing with the same subject are not to be construed as taking away the pre-existing jurisdiction of such courts, unless such intention plainly appears. *Wayland* v. *Tucker,* 4 Gratt, 267, 50 Am. Dec. 76; *Parramore* v. *Taylor,* 11 Gratt. 220; *Faulkner v. Davis,* 18 Gratt. 651, 98 Am. Dec. 698; *Owners of Wenona* v. *Bragdon,* 21 Gratt. 685; *Durrett* v. *Davis,* 24 Gratt. 302, 315; *Christian & Gunn* v. *Worsham,* 78 Va. 100.

In a note to *Johnson* v. *Leman* (131 Ill., 609), 19 Am. St. Rep. 71, Mr. Freeman states the general rule in regard to the rights and duties of trustees in this class of cases as follows: "In addition to what has already been incidentally said it may be stated as a well established doctrine, universally applied, that a trustee has a right to make advances or necessary repairs or improvements for the benefit of the trust estate, against which he has a lien for reimbursement for such advances, or costs and expenses, which he may enforce before he can be compelled to surrender the estate, unless prohibited either expressly

or by necessary implication from incurring such expenses by the terms of the instrument creating the trust. . . Trustees invested with general powers of control and management are not bound to strict limitations. They are justified in making ordinary repairs and improvements, and insuring the property, and are allowed to hold the estate until reimbursed; nor does the right of reimbursement depend upon the knowledge or consent of the *cestui que trust.* . ."

So in 2 Pom. Eq. Jur., sec. 1085, it is stated as the law, both in England and in this country, that a trustee will be allowed "all payments expressly authorized by the instrument of trust, all reasonable expenses in carrying out the directions of the trust, and in the absence of any such directions all expenses reasonably necessary for the security, protection and preservation of the trust property, or for the prevention of a failure of the trust. . . Where a trustee properly advances money for any of the above mentioned objects, so that he is entitled to reimbursement, he also has a lien as security for the claim, either upon the corpus of the trust property or upon the income," according as the advancement is for the benefit of the life tenant, or for both the life tenant and remainderman. Hill on Trustees, 647, and notes; 2 Perry Trusts, sec. 913, and notes.

We have no difficulty in reaching the conclusion that the circuit court, in the exercise of its general chancery jurisdiction, had cognizance of this suit, and power, to the extent of the trust subject, to grant the relief prayed for. But the redress afforded should have extended no further, and the decree, in so far as it undertakes to fix a lien for advances made by the trustee upon the remainder in the land after the expiration of the trust estate, was erroneous.

The distinction between the rights and powers of an executor or trustee under a will, and a guardian, is well understood, and is clearly drawn in *Lamar* v. *Micou,* 112 U. S., 452, 28 L. Ed. 751, 5 Sup. Ct. 221: ". . In the one case the title of the property is in the executor or the trustee; in the other, the title

of the property is in the ward, and the guardian has only the custody and management of it, with power to change its investment." 21 Cyc. 77, 78, and notes.

Hence the principles applicable to the two relations are essentially different, and the decisions of this court concerning the relations of guardian and ward, and the management and control by the guardian of the ward's property, are not controlling in cases arising out of testamentary trusts.

For these reasons the decree under review must be reversed and annulled, in so far as it is herein declared to be erroneous, and in other respects affirmed; and the case will be remanded to the circuit court for such further proceedings as may be necessary to subject the trust estate to rental during its continuance, or for such shorter period as may be necessary to discharge the O'Connell lien with interest and costs.

*Reversed in part.*