# Richmond

## LEAVELL & OTHERS V. GRASTY & OTHERS.

### March 20, 1913.

1. EXECUTORS AND ADMINISTRATORS—*Power to Borrow Money—Pledging Estate.*—In the absence of any provision in the will on the subject, neither the executors of a will, nor the court, have any authority to borrow money on the faith of a decedent's estate to pay his debts. If a debt is a charge upon both a life estate and the remainder in land, it should be borne proportionately by both.

Appeal from a decree of the Circuit Court of Culpeper county. Decree for the complainants. The guardian *ad litem* of the infant defendants appeals.

*Reversed.*

The opinion states the case.

*Waite, Perry & Jeffries,* for the appellant.

*Grimsley & Miller, V. R. Shackleford* and *John S. Barbour,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is an appeal by the guardian *ad litem* of the infant children of Lucy B. Leavell (who was the daughter of W. H. Browning, deceased) from a decree of the Circuit Court of Culpeper county, appointing a special commissioner to borrow $5,000 for five years (interest payable semi-annually) to be secured by a deed of trust on the

real estate devised by W. H. Browning to his daughter, Mrs. Leavell, for life, with remainder to her children in fee, to discharge a debt against testator's estate due to the appellee, Mrs. B. E. Grasty. The will does not empower the executors to borrow money for the payment of debts, or to incumber the estate for that or any other purpose. Nor is there anything in the record to show that the scheme directed by the decree under review was beneficial to the infants, or necessary for the preservation of their estate. On the contrary, it appears that the income from the estate is insufficient to furnish a support for Mrs. Leavell and her family, and that they possess no other source of revenue either to keep down the accruing interest on the loan or to discharge the principal sum at maturity.

The debt of Mrs. Grasty constitutes a charge both on the life estate of Mrs. Leavell and the estate in remainder of her infant children, and should, therefore, be borne proportionately by both. Yet in the circumstances detailed the result of the proposed arrangement would enure to the benefit of the life tenant (especially if the interest were not paid) at the expense of the remaindermen. The debt must ultimately be paid out of the estate, and it is to the interest of the infants that such payment shall be made as soon as practicable, in order that the life estate may bear its due proportion of the common burden.

In the absence of some provision in the will on the subject, we know of no authority, either in executors or the court, to borrow money on the faith of a decedent's estate to pay debts.

This case is wholly different from that of *Shirley* v. *Kirby,* 110 Va. 455, 66 S. E. 40, 135 Am. St. Rep. 949, and that line of authorities relied on to affirm the decree. In that case the powers exercised by the trustee were in pursuance of an express trust created by the will; and, as the evidence plainly showed, were essential to preserve the mansion house from total ruin.

For these reasons the decree must be reversed, and the case remanded with directions to the circuit court to sell so much of the real estate as may be necessary to pay the debt of the appellee, Mrs. B. E. Grasty, with interest and costs of the litigation necessary for its collection in that court.

*Reversed.*