# Richmond.

CHARLES C. COTTRELL, ET ALS. v. GEORGE W. REAMS.

October 30, 1928.

Holt, J., having taken his seat on the Supreme Court of Appeals
did not sit in this case.

774

The opinion states the case.

*J. M. Turner, Charles L. Page* and *George Bryan,* **for** the plaintiffs in error.

*Leake & Buford, Littleton M. Wickham* and *Thomas L. Preston,* for the defendant in error.

CHRISTIAN, J., delivered the opinion of the court.

This was an action in ejectment by Charles C. Cottrell, Stanton L. Cottrell, S. W. Taylor, Margaret T. Richards, and Anna R. Richardson, children and grandchildren of Margaret Cottrell, the daughter of Samuel R. Owens, Sr., for the recovery of a certain im-

proved parcel of land located in the city of Richmond (formerly Manchester) from George W. Reams, who was in possession of said land, under claim of fee simple title thereto. The parties waived a trial by jury and submitted all matters of law and fact to the court, which decided in favor of the defendant, and entered final judgment in his favor; from which decision and judgment the plaintiffs have sued out this writ of error.

Being an action of ejectment, the plaintiffs recognized that they must recover upon the strength of their own title, and not upon the defects of the defendant's title. They introduced in evidence the deed made the 24th day of September, 1883, between Jas. L. Owens and Jno. W. Owens, commissioners in the suit then pending in the corporation, or hustings, court of Manchester, under the short style of Joseph L. Owens, who sues in his own right and also as executor of Samuel R. Owens, Sr., deceased, complainant against Samuel R. Owens, Jr., and other defendants, parties of the first part, and Henry A. Cottrell, substituted trustee for Mrs. H. H. Cottrell and her children under the provisions of the will of her father, Samuel R. Owens, Sr., deceased, party of the second part, conveying the land in litigation to said party of the second part. Pursuant to the said decree of the September term, 1883, Henry A. Cottrell, substituted trustee, and H. H. Cottrell, his wife, executed and delivered contemporaneously with said deed, a deed of trust to Wm. I Clopton, trustee, conveying said land in trust to secure to Joseph L. Owens, executor, the payment of the sum of $1,469.21, the balance of the purchase money for said land, evidenced by the four negotiable notes of Mrs. H. H. Cottrell for the sum of $367.30¼, each payable six, twelve, eighteen and twenty-four months from date, with interest from September 1, 1883.

Default having been made in the payment of the above debt, Clopton, trustee, sold in 1900 the land at public auction to George W. Reams, the defendant for $1,-800.00, and he was put in possession of the same and has held it ever since. In 1913 Mrs. Cottrell died, and in 1926, this action was brought by the plaintiffs, who are the remaindermen provided for under the will of Samuel R. Owens, Sr., deceased.

The parties plaintiff and defendant both claiming under the deed of the Owens commissioners in the chancery suit of *Owens devisee and executor* v. *Owens and others* as the common source of title, it is necessary to set forth the purpose of said suit and the various orders and decrees entered therein in relation to this land.

Samuel R. Owens, Sr., died testate in the city of Manchester in the year 1881 seized of a considerable estate, real and personal. He left surviving him a widow and eight children. His will disposed of his estate in nine undivided equal parts, one to his widow and one to each of his children. By the second clause of this will he gave Joseph W. Owens, trustee, one-ninth of his estate, real and personal, in trust for the benefit of his daughter, Harriet Richards (a widow with two children living at the time the will was drawn, but who was subsequently married to Henry A. Cottrell and had two more children by the second marriage at the time the chancery suit was brought), during life, "not to be subject to the debts or liabilities of any present or future husband, and at the death of my said daughter, *I desire the share hereby willed to her to pass to her descendants according to the statute of descents of Virginia.*"

In 1883, Joseph L. Owens, devisee and executor, brought, in the Hustings Court of Manchester, now

Richmond, this chancery suit against Samuel R. Owens, Jr., and the other devisees under the will, including the four infant children of Mrs. Cottrell who answered by their duly appointed guardian *ad litem*, for the purpose of having the will construed, the partition of the real estate, and a final distribution of the estate.

This suit was brought under chapter 120, sections 1, 2 and 3, of Virginia Code 1873. The case was referred to Charles L. Page, commissioner in chancery, to make various enquiries and report to the court. Among these, was whether the real estate could be partitioned in kind, and if not, what method of partition as provided in section three (3) was most advantageous, and further what interest the children of Mrs. Cottrell had in the trust estate given her.

Commissioner Page duly made the inquiries required and reported to the court among other things (a) that partition of the real estate could not be made in kind, but that the interest of all parties "will be promoted by a sale of the entire subject * * * * * * * * and the distribution of the proceeds of sale, according to the respective rights of those entitled" and (b) that the interest of Mrs. Cottrell's children then living was a contingent and not a vested remainder. This report was duly filed and there being n o exceptions thereto, except by J. S. Moore and wife, was confirmed by decree of the May term, 1883, of the court.

The court then proceeded to decree the sale of all the real estate of the testator at public auction after such advertisement as was required in the decree and upon the terms prescribed therein. Joseph L. Owens and John W. Owens were appointed special commissioners to make said sale.

The sale of the real estate was made as required by the decree. All of the real estate, with one exception, was purchased by the devisees, at which sale Mrs. Cottrell purchased the lot in controversy in this action for $4,-505.00. None of the devisees complied with the terms of the sale as each one desired his or her share of the personalty, including Mrs. Cottrell, to be applied on their respective purchases of land. The commissioners made their report to the court, which confirmed the same, except the purchases by the commissioners individually and Mrs. Cottrell.

The court then, by decree of June 22, 1883, recommitted the case to Commissioner Page to report as to whether the sales made to Mrs. Harriet H. Cottrell and Robert N. and John W. Owens are proper and judicious and for fair and reasonable prices, and whether the interests of all parties will be promoted thereby and particularly so far as the interests of the infant defendants are concerned. There were other infants interested in his estate besides the infant remaindermen, children of Mrs. Cottrell. He was required further to report the amount in dollars and cents of the share of each person in interest in the cause under the provisions of the will; and in those instances where the share is encumbered by a trust or the person entitled is a married woman, he shall report how the same shall be held and secured or conveyed.

Commissioner Page reported that of the fairness and reasonableness of the prices the property brought there can hardly be any question, and the interests of all the parties would be promoted by confirmation, except the purchase by John W. Owens one of the special commissioners. As to the trust estate he reported that certainly in cases of trust, the mode of investment of the trust fund is generally left to the discretion of the

trustee. The statement of the amount of the distributive share of each of the parties filed with this report showed Mrs. Cottrell's share to amount to $5,-756.53; and that debts due the testator, purchases made by her including the lot purchased, and the loan to complete her house, amounted to $7,181.35, thus leaving a balance due the estate by her of $1,424.82.

On August 29, 1883, the report of the commissioner was confirmed, and the court being further satisfied that said sale to Mrs. Cottrell was a fair and reasonable sale and for the interest of all parties interested "doth confirm said sale to Mrs. Harriet H. Cottrell to be conveyed to such trustee and in such manner as shall be in this cause hereafter decreed."

By decree of the September term, 1883, Henry A. Cottrell was substituted as trustee under her father's will in the place and stead of Joseph L. Owens, and that the balance due upon Mrs. Cottrell's purchase in excess of her share of her father's estate is the sum of $1,440.00, "the court doth adjudge, order and decree that Special Commissioners Joseph L. and John W. Owens convey to said Henry A. Cottrell with special warranty as substituted trustee for his said wife the real estate purchased by Mrs. Cottrell to be held by him for the benefit of herself and children in strict accordance with the provisions of said testator's will, but said commissioners shall not deliver said deed until said Henry A. Cottrell, as trustee, and his wife shall execute and deliver to them a deed of trust on said property to secure the balance of $1,469.21 41/63 (as per statement made at bar) evidenced by negotiable notes payable to said executor at six, twelve, eighteen and twenty-four months, with interest from September 1, 1883."

The above are the uncontroverted facts and proceedings of record by which the rights of the parties are to be determined and were finally fixed by the decree of September term, 1883, and by virtue and in pursuance of which the deed and deed of trust were executed and delivered.

The contentions of the plaintiffs in substance are (a) that the deed of trust conveyed only Mrs. Cottrell's life estate, and the purchaser from the trustee got title only to this life estate, and (b) if the court intended the fee simple should be conveyed, the remaindermen being infants, it was without jurisdiction to invest their funds in encumbered property.

This case has been argued orally and by briefs with great ability both for the plaintiffs and defendant. The briefs show much learning and research. So many points are made and so many authorities cited that it is not practical to discuss any of them, or their application to this case, but we must content ourselves with a statement of the general principles that control its decision.

Under section 3, chapter 120, of Virginia Code 1873, the court was given jurisdiction to sell the real estate devised by the will for the purpose of distribution as cash. This was done after proper inquiry and proof, that it was to the best interest of all parties that sale be made.

The court by its decree of sale ordered the fee simple title to the real estate to be sold for the purpose of converting the same into cash. Mrs. Cottrell individually became the purchaser at the auction sale, and when the sale was confirmed there was a completed contract and by law she became the absolute owner of the complete equitable title to the lot in controversy, subject to a lien for the purchase money. She could

transfer her purchase to another, but if she failed to pay for the same, the court should have ordered a re- sale at her cost and risk. *Hurt* v. *Jones and wife*, 75 Va. 341-347.

It is true that said section 3, chapter 120, provides that where the amount payable to an infant or in- sane person exceeds $300.00, the court shall require se- curity for the faithful application of his interest, in like manner as if the sale were made under chapter one hundred and twenty-four. It must be noted that said section makes no reference, however, to trust estates, and the commissioner was of opinion and so re- ported "that the mode of investment of the trust fund in partition suits is generally left to the discretion of the trustee."

"The distinction between the rights and powers of an executor or trustee under a will and a guardian is well understood and clearly drawn in *Lamar* v. *Micou*, 112 U. S. 452, 28 L. Ed. 751, 5 Sup. Ct. 221. In the one case the title of the property is in the executor or the trustee; in the other, the title of the property is in the ward, and the guardian has only custody and management of it, with power to change the invest- ment. 21 Cyc. 77, 78 and notes." *Shirkey* v. *Kirby*, 110 Va. 455, 66 S. E. 40, 135 Am. St. Rep. 949.

The children of Mrs. Cottrell not being before the court as infants but as contingent remaindermen, and the suit being for partition, chapter 124 providing for sale of infants' land by the guardian and trust estates by the trustee can have no application to this case, and consideration of the cases cited dealing with the jurisdiction of the court under said statute is unneces- sary.

The partition statute placed no limitation upon the power of the court in reference to funds arising from

the sale of land where one of the shares is devised in trust; the court could pay the same to the trustee or direct its reconversion into real estate in the exercise of a sound judicial discretion. But the learned chancellor and counsel for all the parties had in mind evidently chapter 112, section 20, of Virginia Code 1873, authorizing the sale and reinvestment of the proceeds of contingent estates; as they dealt with the Cottrell estate accordingly. *Moon and wife* v. *Stone, et als.*, 19 Gratt. (60 Va.) 130; *Troth* v. *Robertson*, 78 Va. 46.

Mrs. Cottrell, the bidder, as soon as the sale was confirmed to her by the court, there was a completed contract and she became the purchaser and was thenceforth regarded and treated as the equitable owner of the land, with the right reserved to compel her to comply with her contract by payment of the purchase money. She transferred her purchase subject to payment of the purchase money, with consent of the court, to the substituted trustee under her father's will, and as required by the decree of September term, 1883, he assumed payment of the balance of the purchase money. Whether this balance of purchase money was secured by deed of trust or lien reserved, the trustee and remaindermen took title to the land subject to a first lien for the purchase money.

The fee simple title having passed under the decree and not by the will, subject to the lien for the balance of purchase money, the conveyance of the same to Clopton, trustee, carried the fee, and the *bona fide* purchaser from him took a fee simple title.

It is further claimed that the court was without authority to authorize the lien of the deed of trust upon the interest of the remaindermen, because partition is a statutory proceeding. If there were any merit in this contention, said decree cannot be at-

tacked collaterally. The case of *Hurt* v. *Jones, supra,* was a collateral attack upon a decree of the court in the partition suit of *Witcher* v. *Clement's heirs,* wherein the court failed to invest the share of Mrs. Hurt, wife of the purchaser, in the proceeds of the sale under chapter 124, Code 1873, but permitted Hurt to withhold it as part payment upon his purchase. The court in the *Witcher suit* confirmed what was done and the Supreme Court held in the *Hurt suit*: "The court in the partition suit having confirmed what was done, that cannot be called in question in another suit."

The cases cited by the plaintiffs to sustain their position on this question were decided by county or probate courts of limited juriscidtion. There is a distinct difference between the right to impeach collaterally the decrees of courts of general and limited jurisdiction. The well established general rule is that where the court is a court of general jurisdiction, and the proceedings are regular and the court has jurisdiction of the subject matter and the parties, its decrees are not subject to collateral attack. Every intendment is made to support the proceedings; it is regarded as if it were regular in all things, and irreversible for error. *Pennybacker* v. *Switzer,* 75 Va. 671; *Zirkle* v. *McCue,* 26 Gratt. (67 Va.), 517.

In the case of *Owens* v. *Owens* the hustings court having jurisdiction to sell the real estate and distribute or invest the money, any error committed by the court in the investment of the Cottrell trust fund cannot be corrected in an action of ejectment.

For the reasons above set forth, there is no error in the judgment complained of and it is affirmed.

*Judgment affirmed.*