### SMITH et al. v. DRAKE.

#### No. 8233.

Court of Civil Appeals of Texas, Austin.

April 15, 1936.

B. A. Carter, of San Angelo, for appellants.

Clyde Vinson, of San Angelo, for appellee.

BLAIR, Justice.

This appeal is from the action of the trial court refusing to sanction the mortgage of trust property by the trustee, to pay taxes, and to make repairs or improvements. The proceedings, in the nature of an agreed case, was instituted by appellant Mrs. Dorothy Smith, as trustee and guardian, to obtain the sanction of the court to mortgage trust property to pay accrued taxes, and prevent the eventual sale of the property for taxes, and to make permanent repairs or improvements actually necessary to preserve the trust estate; a peculiar situation having arisen which precluded the payment of the taxes when due and the making of the repairs or improvements when needed out of such rentals as could be realized from the dilapidated and antiquated trust estate building.

We have reached the conclusion that the trial court erred in refusing to sanction the mortgage of the trust property for the purposes stated under the peculiar circumstances of this case. The trust estate was created by a provision of the will of John W. Harris, deceased, which read: "I hereby devise and bequeath unto my two beloved grandchildren, named Evelyn Annette Smith and Harris Holloway Smith, the two children of my daughter Dorothy Smith, the brick building situated * * * in San Angelo, Tom Green County, Texas, said property to be held in trust by my Independent Executrix, hereinafter named, until said children reach the ages of twenty-five years respectively, and then to vest in fee simple, share and share alike in said children, and it is my desire that all the rents and revenues received from said building, less the taxes and repairs, insurance, etc., and that said rentals be paid to the mother of said children who is hereby named trustee for said children, and who is also named independent executrix hereinafter to be mentioned, said rentals to be used for the support, education, etc., of said children."

Appellant accepted the trust, qualified as independent executrix under the will, and by appointment of the probate court became the guardian of the estate of the said Evelyn Annette and Harris Holloway Smith, whose ages at the time of the trial were ten and twelve, respectively. The trust estate consisted of two lots in San Angelo, upon which was situated a brick business building, 50 feet by 125 feet, which comprised the entire estate of said minor children. At the time the will was executed and when the testator died, in 1928, the building was rented for $200 per month and continued to be so rented by the trustee through 1929. In the latter part of 1930 the building became vacant, due to local economic conditions and because of the general depression prevailing everywhere. The trustee reduced the rents, but was unable to secure a permanent tenant, and the building was last rented for about six months in 1933 as a storage place for automobiles in connection with a nearby hotel, at a rental of $40 per month. The building had become antiquated. Its walls had become marred and defaced, the floors were in a bad state of repair, and the plate-glass front had been broken. In such condition the building was deteriorating and going to waste and could only be saved by encumbering the trust property to secure money to pay accrued

taxes and to make permanent repairs and improvements on the building. Taxes in the sum of $2,250 had accrued against the property and it would eventually be sold for taxes. The repairs or improvements contemplated would cost $2,750. This sum would remodel the building and improve the lots for use as a complete modern automobile service station and a news or concession stand. As thus improved the trust property could be immediately rented for $150 per month or more, which would be sufficient to care for future taxes and repairs, pay the interest, and amortize a $5,000 loan in five years, with possibly a small balance for use in the support and education of the minor children.

Appellee Mrs. Nellie Davis Drake, as guardian of the estate of Koa Drake Cook, a minor, agreed to make the loan of $5,000 necessary to pay the taxes and make the repairs or improvements, upon the condition that her attorney approve the authority of the trustee and guardian to mortgage the trust property. The attorney refused to approve the loan, being of the opinion that the testamentary trust created was an active trust, and that the trust instrument did not authorize the trustee to mortgage the trust property. Whereupon appellant Mrs. Dorothy Smith, as independent executrix and as trustee and guardian of the estate of said minor children, joined by her husband, who also joined as plaintiff and next friend of the minor children, instituted this proceeding to construe the testamentary trust, and to obtain the sanction or instruction of the trial court to mortgage the trust property for the purposes stated.

The trial court denied the relief sought, upon the ground that the testamentary trust was an active trust, excluding the jurisdiction of the probate court over the estate of the minors; and that the instrument creating the trust did not expressly nor impliedly authorize the trustee to mortgage the trust property to pay the accrued taxes and to make the permanent repairs or improvements actually necessary to preserve the trust estate.

In reaching its conclusion, the trial court followed the rule of construction often applied by courts of equity in the interpretation of testamentary trusts, which in the language of the authorities is that the trustee's power to mortgage trust property depends upon the terms of the trust instrument; that the trustee cannot mortgage trust property unless such power is ex-

pressly given, or intent to confer it can be implied from the terms and circumstances surrounding the trust; and that courts of equity cannot add or subtract anything from a testamentary trust, but must leave it as the testator made it, giving it only such construction as he intended. Jackson v. Templin (Tex.Com.App.) 66 S. W.(2d) 666, 92 A.L.R. 873; Faulk v. Dashiell, 62 Tex. 642, 50 Am.Rep. 542; Quisenberry v. J. B. Watkins Land-Mortgage Co., 92 Tex. 247, 47 S.W. 708; McNeill v. St. Aubin (Tex.Civ.App.) 209 S.W. 781; Haldeman v. Openheimer, 103 Tex. 275, 126 S.W. 566; Kent v. McDaniel (Tex.Civ. App.) 178 S.W. 1006. But such rules have no application to the instant case. The rule applicable to this proceeding and sought to be invoked by appellant is that when peculiar and unforeseen conditions have arisen which make it necessary to pay accrued taxes and to make permanent repairs or improvements reasonably necessary to preserve the trust property, or to meet such unforeseen conditions as may substantially impair the accomplishment of the purpose of the trust, the court of equity will sanction, direct, or permit the trustee to deviate from the terms of the trust instrument, and mortgage the trust property in order to raise money to pay accrued taxes and to make permanent repairs or improvements. The principle of the rule is well stated in Restatement of the Law of Trusts, § 167, p. 415, as follows: "The court will direct or permit the trustee to deviate from a term of the trust if owing to circumstances not known to the settlor and not anticipated by him compliance would defeat or substantially impair the accomplishment of the purposes of the trust; and in such case, if necessary to carry out the purposes of the trust, the court may direct or permit the trustee to do acts which are not authorized or are forbidden by the terms of the trust."

This rule was recognized in Texas in the case of Kennedy v. Pearson (Tex.Civ.App.) 109 S.W. 280, and was discussed at length in 12 Texas Law Review, p. 526, and the following cases illustrate the general application of the rule in other American states and in England: Johns v. Montgomery, 265 Ill. 21, 106 N.E. 497, L.R.A. 1916B, 1073, Ann.Cas.1916A, 996, with note at page 999, especially cases at page 1002; Lueft v. Lueft, 129 Wis. 534, 109 N.W. 652, 7 L.R.A.(N.S.) 263, 9 Ann.Cas. 639; Low v. First Nat. Bank & Trust Co., 162 Miss. 53, 138 So. 586, 80 A.L.R. 112; In re Stack's Will, 217 Wis. 94, 258 N.W. 324, 97 A.L.R. 316; New Jersey Nat. Bank v. Lincoln Mortgage Co., 105 N.J.Eq. 557, 148 A. 713; Drake v. Crane, 127 Mo. 85, 29 S.W. 990, 27 L.R.A. 653; Seigle v. First Nat. Co. (Mo.Sup.) 90 S.W.(2d) 776.

In the case of Russell v. Russell, 109 Conn. 187, 145 A. 648, 63 A.L.R. 783, the testator devised a piece of land on which was situated a building containing stores and offices to the trustee in trust, out of the income of which the trustee was to support testator's children until the youngest reached the age of twenty-one years, and to apply any income not needed for such purpose to the reduction of a mortgage on a part of the land. The building was old and was damaged by fire. It was held that a court of equity might direct or permit the trustee to borrow money, upon the security of the trust property, in order to make permanent repairs or improvements on the building, which, by reason of age and damage by fire, had ceased to yield sufficient income to pay necessary expenses. This rule has been followed in many of the cases last above cited, even though the trust instrument expressly prohibited encumbrance of the trust res.

In the cases of Dantzler v. McInnis, 151 Ala. 293, 44 So. 193, 13 L.R.A.(N.S.) 297, 125 Am.St.Rep. 28, and Shirkey v. Kirby, 110 Va. 455, 66 S.E. 40, 135 Am.St.Rep. 949, the courts held that the trustee might mortgage the trust property to obtain money to pay a tax lien upon the trust property, and to reimburse himself for advancements made for repairs which were necessary to prevent the trust from failing. The rule is peculiarly applicable to the instant case, where the mortgage of the trust property was necessary to secure funds with which to pay accrued taxes and prevent the eventual sale of the property for taxes, and to make permanent repairs or improvements actually necessary to preserve the trust estate; a peculiar situation having arisen which precluded the payment of the taxes when due and the making of the repairs or improvements when needed out of such rentals as could be realized from the dilapidated and antiquated trust estate building.

In our above conclusions, we have construed, as did the trial court, the trust instrument as appointing appellant trustee of an active testamentary trust until each of said minor children reached the age of twenty-five years, at which time both the

legal and equitable title shall vest in the cestuis in fee simple. That is, the precatory language of the will directed that the "property be held in trust * * * until said children shall reach the age of twenty-five years, respectively, and then to vest in fee simple, share and share alike, in said children, and it is my desire that all the rents and revenues received from said building, less taxes and insurance, repairs, etc. be paid to the mother of said children, who is hereby named trustee for such children * * * to be used for the support, education, etc. of said children."

This language of the testator indicated his intention to vest the legal title to the trust property in the trustee until the minor children became twenty-five years of age, "and then to vest in fee simple * * * in said children." At least, such is a reasonable construction of the ambiguous language used in the trust instrument. In view of this conclusion that an active testamentary trust estate was created with appellant named as trustee, and in whom the legal title vested, her acts in the execution of the notes and mortgage on the trust property is peculiarly in her capacity as trustee, and not as independent executrix under the will, nor as guardian under appointment of the probate court; and therefore the rules of law controlling acts of the trustee are applicable. Ewing v. Foley, Inc., 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627; Jackson v. Templin (Tex.Com.App.) 66 S.W.(2d) 666, 92 A.L.R. 873. However, it was not improper for appellant to execute the notes and mortgage both as trustee and guardian, because where the same person is acting in several capacities, i. e. as trustee and guardian, a prudent investor would require that the encumbrance be executed so as to embrace any interest the cestui or minor may have in the property to be encumbered. But whether appellant acted as trustee or as guardian, the facts and circumstances clearly authorize the execution of the mortgage to secure money with which to pay accrued taxes, and prevent the eventual sale of the property for taxes, and to make permanent repairs or improvements reasonably necessary to preserve the property.

The judgment of the trial court will be reversed, and the cause remanded, with instruction to the trial court to sanction or direct the execution of such mortgage or encumbrance as will in its opinion best protect and preserve the trust property or estate in suit.

Reversed and remanded with instruction.