## JAMES ANDREW WALTERS

v.

## COMMONWEALTH OF VIRGINIA

No. 0948-87-2

Decided May 16, 1989

COUNSEL

J. Burkhardt Beale (Boone, Carpenter, Beale, Cosby & Hyder, on

brief), for appellant.

Mildred B. Cain, Assistant Attorney General (Mary Sue Terry, Attorney General; Leah A. Darron, Assistant Attorney General, on brief), for appellee.

OPINION

**COLE, J.**—The appellant, James Andrew Walters, was adjudged an habitual offender under Code § 46.1-387.2(a) in Hanover County Circuit Court. The court suspended Walters' privilege to drive upon the highways of the Commonwealth for ten years. In this appeal, Walters attacks two of the three convictions which led to his adjudication as an habitual offender. He contends that these convictions, both for driving under the influence, are void because they were based upon then invalid Hanover County Code § 15-2. Finding that Walters has not established that he was convicted under a void statute, we affirm.

On June 15, 1987, Walters was ordered to appear in Hanover Circuit Court on July 20, 1987, and show cause why he should not be declared an habitual offender. The order was issued after the county received certification from the Division of Motor Vehicles ("DMV") that Walters' record showed three convictions, bringing him within the statutory definition of an habitual offender.

At the July 20 hearing, the Commonwealth's attorney produced certified copies of DMV records, including abstracts of three convictions: February 24, 1983, and December 21, 1984, convictions for driving under the influence and a January 13, 1987, conviction for driving after revocation of his driver's license. Both summons for driving under the influence listed Hanover County Code § 15-2 and Virginia Code § 18.2-266 as laws violated. On the summons which led to the February 24, 1983, conviction, boxes indicating violations of both the county and state codes were checked. However, on the summons for the December 21, 1984, conviction only the box for a county violation was marked. The record does not disclose whether Walters was convicted under the county or state code.

Walters objected to use of the two convictions for driving under the influence as a basis for the habitual offender adjudication. He argued that both convictions were for violations of Hanover Code § 15-2 and thus invalid because the code section was void at the time the convictions were entered. Walters' authority for the proposition that Code § 15-2 was void is *Mitchell v. County of Hanover*, 1 Va. App. 486, 340 S.E.2d 173 (1986), a decision by another panel of this court. The trial court overruled the objection, finding that Walters' convictions were under the state code since Code § 18.2-266 was listed on each summons. The court then found Walters to be an habitual offender.

A brief history of Hanover County Code § 15-2 is necessary at this point. On January 30, 1974, the Hanover County Board of Supervisors passed an ordinance reenacting § 9-1 of the County Code.[1] The ordinance stated in part: "Article 6 of Chapter 2 of Title 18.1 of the 1950 Code of Virginia (Section 18.1-54 through 18.1-59) as amended or hereafter amended, is hereby adopted by reference."

In 1975, the General Assembly repealed Title 18.1 and enacted Title 18.2 as its replacement. The Hanover County Code did not reflect the state code change until 1982, when the Board of Supervisors approved recodification of the county code by passage of Ordinance 82-5. Effective June 1, 1982, Code § 9-1 was recodified as § 15-2. At the same time, the reference to the repealed Title 18.1 of the Virginia Code was deleted and replaced with the correct reference to Virginia Code § 18.2-266 *et seq.* However, this change in the state code reference was mentioned in neither Ordinance 82-5 nor any other Hanover ordinance.

*Mitchell* involved a direct appeal of a conviction under Hanover County Code § 15-2 which, like Walters' two convictions, occurred after the recodification. The *Mitchell* panel reversed and dismissed Mitchell's conviction, holding that Code § 15-2 remained invalid after the recodification because the county board failed to approve the amendment in the state code reference by ordinance as required by Code § 15.1-504. *Mitchell*, 1 Va. App. at 488-89, 340 S.E.2d at 174-75.

---

[1] Virginia Code § 15.1-132 gives local governments power concurrent with the state to pass laws against driving under the influence of alcohol or drugs.

However, in the case now before us the Commonwealth makes a point which apparently was never raised or addressed in *Mitchell*. It argues that Code § 15-2 was valid at the time of Walters' convictions by virtue of Code § 15.1-37.3, which states in pertinent part:

Any county, city or town may codify or recodify any or all of its ordinances . . . . Such ordinances may be changed, altered or amended by the governing body of the county, city or town and ordinances or portions thereof may be deleted and new material may be added by the governing body. Such changes, alterations, amendments or deletions and such new material shall become effective on the effective date of the codification or recodification.

■ Despite the existence of this statute, Walters asserts that *Mitchell* conclusively determined the invalidity of Code § 15-2 and all convictions under it. We disagree. Each panel of the Court of Appeals of Virginia hears and determines, independently of the others, the petitions for appeal and appeals granted in criminal cases and the other cases assigned to that panel. Code § 17-116.02(C). Thus, even if we concluded that the *Mitchell* case was indistinguishable from this case, the principle of stare decisis does not require that *Mitchell* control the disposition of this controversy. While we are not bound by the decision of another panel of this court,[2] such decisions are highly persuasive. *Cf. Dan River, Inc. v. Adkins*, 3 Va. App. 320, 325, 349 S.E.2d 667, 670 (1986). Conflicting panel decisions of this court are resolved through the en banc hearing process. *See* Code § 17-116.03(D).

Even if we were bound by the *Mitchell* decision, we would not reach a contrary result in this case. Our Supreme Court made the following observation in dismissing an argument similar to the one Walters now makes:

The claim that the trial court had before it a similar case several years ago and decided that the tax was invalid compels a like decision here, is without merit. The record in the

---

[2] The general rule in the Fourth Circuit Court of Appeals is that one panel cannot overrule another panel. Principles of stare decisis require that one panel be bound by the decisions of other panels. *Derflinger v. Ford Motor Co.*, 866 F.2d 107, 117 (1989).

present case does not contain the complete record in the prior case. There is no record here of what facts or issues were presented and decided by the court in the former case. They may have been different from those appearing here.

*Home Brewing Co. v. City of Richmond*, 181 Va. 793, 799, 27 S.E.2d 188, 191 (1943).

■ Similarly, Walters did not make the complete record of *Mitchell* a part of the record in the trial court. We have only the published *Mitchell* opinion, from which we must conclude, since there is no mention of Code § 15.1-37.3, that the statute's effect was not considered. Accordingly, based upon the evidence before us in this case, we hold that Walters has not proved that Hanover County Code § 15-2 was void at the time of Walters' two convictions. Because the courts had jurisdiction over the actions and the parties, and the proceedings were regular, their judgments are not subject to collateral attack. *See Cottrell v. Reams*, 151 Va. 773, 784, 145 S.E. 317, 320 (1928); *Eagle, Star & British Dominions Ins. Co. v. Heller*, 149 Va. 82, 102, 140 S.E. 314, 320 (1927). *Morse v. Commonwealth*, 6 Va. App. 466, 468, 369 S.E.2d 863, 864 (1988). The adjudication of Walters as an habitual offender is affirmed.

*Affirmed.*

Baker, J., and Duff, J., concurred.