**Alexandria**

COMMONWEALTH OF VIRGINIA

v.

KRISTY ANN KNOTT

No. 0230-89-4

Decided September 11, 1990

COUNSEL

Nono F. Musolino (Robert F. Horan, Jr., Commonwealth's Attorney, on brief), for appellant.

No appearance or brief by appellee.

OPINION

**KOONTZ, C.J.**—The Commonwealth appeals a decision of the Circuit Court of Fairfax County dismissing an information against Kristy Ann Knott for adjudication as an habitual offender. The court held that Fairfax County Code § 82-4-21 was invalid and therefore could not be applied to elevate Knott's conviction for driving while intoxicated to a second offense. The Commonwealth asserts on appeal that the trial court erred in ruling that the ordinance was invalid. We agree with the trial court's ruling and affirm the judgment.

The record shows that the trial court issued a show cause order on August 16, 1988 following the filing of an information against Knott. The order required her to appear before the court and show cause why she should not be adjudicated an habitual offender. At the hearing on October 6, 1988, the Commonwealth introduced into evidence certified copies of Knott's traffic record and abstracts of her convictions from the Division of Motor Vehicles. The evidence showed that Knott had been convicted in 1984 of driving while intoxicated under Code § 18.2-266; in 1987 of driving on a suspended operator's license; and in 1987 of driving while intoxicated under Fairfax County Code §§ 82-4-17 and 82-4-21.

Knott argued before the trial court that her 1987 conviction for driving while intoxicated could not be considered as evidence because Fairfax County Code § 82-4-21, providing the penalty for the offense of driving under the influence of alcohol or drugs, did not specify that a conviction under Code § 18.2-266 could be considered as a prior conviction for the purpose of elevating the charge under Fairfax County Code § 82-4-17 to a second offense. Therefore, the penalty provisions of the county ordinance provided for a lesser punishment than is provided by general law of the Commonwealth for the same offense in violation of Code § 15.1-

132, making the county ordinance invalid. The trial court found the ordinance invalid. On January 11, 1989, the court entered an order vacating the 1987 driving under the influence conviction and dismissing the show cause order.

Pursuant to Code § 15.1-132, local governing bodies are permitted to enact legislation which prohibits driving under the influence of alcohol or any other self-administered intoxicant or drug. *See Mitchell v. County of Hanover*, 1 Va. App. 486, 487, 340 S.E.2d 173, 174 (1986). The local ordinance may provide equal or greater penalties than are provided by the general law for a similar offense, but cannot provide for a *lesser* punishment than that prescribed by general law for a similar offense. Code § 15.1-132. The Fairfax County ordinance, which parallels Code § 18.2-266, is Fairfax County Code § 82-4-17, and violation of the county ordinance is penalized according to Fairfax County Code § 82-4-21. At the time of Knott's driving while intoxicated conviction in 1987, the penalty provision of the local ordinance stated that a prior conviction which could be considered for enhancing punishment included "a conviction or finding of not innocent in the case of a juvenile under the provisions of Section 82-4-17, *the ordinance of any county, city or town in this Commonwealth or the laws of any other state* substantially similar to the provisions of Code of Virginia, Sections 18.2-266 through 18.2-269." Fairfax County Code § 82-4-21 (emphasis added).[1] This language parallels the language contained in Code § 18.2-270. However, the ordinance did not specifically include prior convictions under the provisions of Code § 18.2-266 for consideration in sentencing an offender to enhanced punishment. Thus, at the time that the ordinance was in effect, it provided for a lesser punishment than the general law under Code § 18.2-270.

In *Mitchell*, we examined the validity of a similar local ordinance prohibiting driving under the influence of alcohol or drugs.

---

[1] The record contains a copy of an emergency amendment to Section 82-4-21 adopted by the Board of Supervisors of Fairfax County on October 17, 1988, after Knott's hearing in this case before the trial court. The amended ordinance states that a prior conviction includes:

a conviction or finding of not innocent in the case of a juvenile under the provisions of Section 82-4-17, *Code of Virginia Section 18.2-266*, former Section 18.1-54 (formerly Section 18-75), the ordinance of any county, city or town in this Commonwealth or the laws of any other state substantially similar to the provisions of the *Code of Virginia*, Sections 18.2-266 through 18.2-269. . . . (emphasis added).

We held that the ordinance was invalid following the repeal of Title 18.1 and the adoption of Title 18.2 because the ordinance was adopted in 1982, after Title 18.1 had been repealed, yet made no provision reflecting the repeal. A reference to Code § 18.2-266 *et seq.* was inserted into the language of the ordinance, but was not adopted pursuant to Code § 15.1-504, and was therefore a nullity. *Mitchell*, 1 Va. App. at 488, 340 S.E.2d at 174. In the present case, Code § 18.2-266 *et seq.* was not incorporated by reference for a different reason: the Fairfax County ordinance stated only that other local ordinances in the Commonwealth or the laws of other states could be considered as prior convictions. Although such other local ordinances and laws were required to be substantially similar to Code §§ 18.2-266 through 18.2-269, convictions under Code § 18.2-266 itself were not included within the purview of the ordinance.

■ It is a fundamental principle of statutory construction that penal statutes "must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute." *Crews v. Commonwealth*, 3 Va. App. 531, 536, 352 S.E.2d 1, 3 (1987). Following this principle, we find that Fairfax County Code § 82-4-21 did not provide for convictions under Code § 18.2-266 to be considered as prior convictions for the purposes of enhanced punishment. The ordinance was therefore invalid under Code § 15.1-132, as the trial court correctly determined.

For the reasons stated above, we affirm the decision of the trial court.

*Affirmed.*

Duff, J., and Keenan, J., concurred.