## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Goodson

March 26, 1992

Case No. (Criminal) 73651

BY JUDGE THOMAS J. MIDDLETON

Defendant is before the court on a charge of driving on a revoked license after having been adjudged an habitual offender. Va. Code § 46.2–357. In this proceeding, defendant is attempting to collaterally attack his habitual offender adjudication by asserting that four of the predicate convictions were jurisdictionally defective. For reasons set forth below, the court finds that all four convictions and the habitual offender adjudication are valid.

On April 15, 1991, the Circuit Court of the County of Stafford adjudged the defendant to be an habitual offender. The adjudication was based in part on four convictions under local ordinances for driving on a suspended license. All four ordinances were enacted prior to their effective date of October 1, 1989. All four ordinances incorporated by reference Va. Code § 46.2–301, a statute which had been enacted by the General Assembly, but which was not to become effective until October 1, 1989. All four convictions resulted from offenses which occurred after October 1, 1989, the effective date of both the state and local laws.

On August 14, 1991, defendant was arrested in Fairfax County and charged under Va. Code § 46.2–357 for driving on a revoked license after having been adjudged an habitual offender.

In *Morse v. Commonwealth*, 6 Va. App. 466, 469 (1988), the Court of Appeals held that "a conviction underlying an habitual offender adjudication may only be attacked by asserting a jurisdictional defect." A jurisdictional defect renders the conviction void *ab initio*;

all other defects are merely voidable. Only void judgments are subject to collateral assault. *Id.* Defendant attempts to collaterally attack four convictions underlying his habitual offender adjudication by asserting that, under the Dillon Rule, local governments had no jurisdiction to enact the ordinances which led to the convictions.

I. *The ordinances were not enacted in violation of the Dillon Rule and are not, therefore, jurisdictionally defective.*

The Dillon Rule, long recognized in Virginia, provides that a local government possesses and can exercise "only those powers expressly granted by the General Assembly, those necessarily or fairly implied therefrom, and those that are essential and indispensable." *City of Richmond v. Confrere Club of Richmond,* 239 Va. 77, 79 (1990). Defendant does not dispute that local governments have been granted the power to adopt ordinances to regulate motor vehicles and to incorporate provisions of the Code into such ordinances. *See* Va. Code §§ 46.2–1300 and 46.2–1313. He argues, however, that a local government has no power to prospectively enact an ordinance which incorporates a state statute prior to that statute's effective date. He argues, in addition, that because local governments had no jurisdiction, under the Dillon Rule, to enact the ordinances, the convictions under those ordinances are jurisdictionally defective. The court disagrees.

Va. Code § 15.1–504 expressly authorizes a local government to enact an ordinance prior to its effective date. That Section provides, in pertinent part:

> After the enactment of such ordinance by the governing body, such ordinance shall become effective upon adoption *or upon a date fixed by the governing body.*

(emphasis added).

Furthermore, the power to prospectively incorporate a new state law prior to its effective date may be fairly implied from Va. Code § 46.2–1300(A). That Section authorizes local governments to enact ordinances regulating the operation of motor vehicles, so long as those ordinances are not in conflict with the Code. *See also* Va. Code § 1–13.17 (requiring that local ordinances not be inconsistent with state law). Since the ordinances did not become effective until October 1, 1989, actual incorporation did not occur until that date. On that date, the local ordinances and the state law were not in conflict and not inconsistent.

Because the Virginia Code expressly authorizes prospective enactment and impliedly authorizes prospective incorporation, the court finds no violation of the Dillon Rule.

## II. *Mitchell v. Hanover is inapposite.*

Defendant relies on *Mitchell v. Hanover*, 1 Va. App. 486 (1986). *Mitchell* did not decide the issue presented in this case. In the first place, the ordinance in *Mitchell* incorporated an *existing* state statute "as amended or hereafter amended." *Id.* at 487–88. It did not incorporate a *new* law not yet in effect. Secondly, because the *Mitchell* court found that there had been no incorporation, it did not have to address the issue of whether prospective incorporation was authorized.

> [The old statute] was not amended. It was repealed. A void act cannot be made the subject of an amendment . . . Therefore, the language providing for prospective amendment to the County Code does not apply here, and [the new statute] was not incorporated into the County Code by operation of this provision. Based on this finding, *we need not decide the validity of a local ordinance providing for the incorporation of prospective amendments to the Virginia Code.*

*Id.* at 488 (citations omitted) (emphasis added).

For the foregoing reasons, the court finds that the convictions are not jurisdictionally defective and are not subject to collateral attack.