## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### BURKS V. COMMONWEALTH.

November 20, 1919.

Absent, Burks, J.

1. FISH AND FISHERIES—*Rockbridge County—Act 1914, p. 252—Repeal of Statute.*—The act of March 20, 1914 (Acts 1914, p. 252) to prevent the catching of fish by gill nets or seines in the rivers and streams of the county of Rockbridge, was a complete substitute for, and operated by implication as a repeal of, acts 1912, ch. 92, therefore no part of the act of 1912, ch. 92 is in force.

2. FISH AND FISHERIES—*Act 1914, p 252—Ratification by Board of Supervisors.*—Acts 1914, p. 252, forbidding the catching of fish by gill nets or seines in Rockbridge county, provided that the act should be and become effective and in force only after the board of supervisors of Rockbridge county should have adopted and ratified the same. The act contained no emergency clause, and therefore did not take effect until the lapse of ninety days after the adjournment of the session of the General Assembly at which it was passed. Constitution of 1902, sec. 53. But the board of supervisors could validly adopt and ratify the act before the same actually took effect as a law, there being nothing in the act to indicate any intention on the part of the legislature to require the board to wait until the law would inevitably become effective before signifying approval of its terms.

3. STATUTES—*Time of Taking Effect.*—Until the time arrives for a statute to take effect, all acts purporting to have been done under it are null and void.

4. STATUTES—*Amendment—Void Act.*—A void act cannot.be made the subject of a mere amendment.

5. FISH AND FISHERIES—*Warrant—Question of Sufficiency Raised for the First Time on Appeal.*—In prosecutions for the violation of the act of 1914, p. 252, relating to catching of fish in Rockbridge county, it was alleged that the warrants were totally insufficient in that they charged that the defendants "did violate the fish and game laws of this State," whereas the real

subject of prosecution was a violation, not of a State law, but of a local law, and that as the fish and game laws of the State embraced a multitude of subjects, the warrants did not apprise the defendants of the particular offense with which they were intended to be charged.  These points do not appear to have been made in the lower court, where they could have been adequately met by new or amended warrants under section 4107 of the Code of 1904.  Objections to the warrants upon these grounds could not have been properly sustained after verdict and judgment even in the trial court, and of course come too late when made for the first time on appeal.

6.  ORDER OF PROOF—*Introduction of Evidence—Discretion of Trial Court—Case at Bar.*—In prosecutions for the violation of the act of 1914, p. 252, relating to catching of fish in Rockbridge county, where the Commonwealth's attorney had concluded his opening address to the jury, and counsel for defendants was addressing the jury and pressing the point that the existence of the local law had not been legally proved by the records of the board of supervisors, and it being conceded that the fact of such local law had not been proved, it was not error for the trial court, over the objection of counsel for the defendants, to suspend the argument and permit the introduction of certain records of the board of supervisors to prove the local law. The time and order of the introduction of proof rests largely in the discretion of the trial court, and the record failed to disclose any reason for supposing that the defendants could have bettered their condition if the evidence had been introduced at an earlier stage.

Error to a judgment of the Circuit Court of Rockbridge county.

*Affirmed.*

The opinion states the case.

*H. S. Rucker* and *Hugh A. White,* for the plaintiff in error.

*Jno. R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General* and *Leon M. Bazile,* for the Commonwealth.

KELLY, J., delivered the opinion of the court.

S. H. Burks and others, hereinafter referred to as the defendants, were convicted and fined by a justice of the peace of Rockbridge county under separate warrants charging them with a violation of "the fish and game laws of this State." Upon appeal to the circuit court all the cases were by agreement of the parties tried together, and the defendants were again found guilty and each sentenced to the payment of a fine.

The record does not clearly disclose just what was the alleged violation of the fish and game laws for which the defendants were convicted. Their counsel insists that the prosecution was for a violation of a local law of Rockbridge county against fishing with nets. This is at least a rather clear inference from the record, and we shall deal with the case accordingly.

The first assignment of error rests upon the proposition that there was no valid local law covering the offense in question. This in our opinion raises the decisive question in the case.

An act approved March 20, 1914 (Acts 1914, page 252), entitled "An act to amend and re-enact an act entitled an act to prevent the catching of fish by gill nets or seines in the rivers and streams of the county of Rockbridge, approved March 7, 1912," was as follows:

"1. Be it enacted by the General Assembly of Virginia, That it shall not be lawful at any time for any person to take or catch fish by gill nets, seines, or nets of any kind in any of the rivers and streams of the county of Rockbridge. Except that it shall not be unlawful for any person to catch fish with dip nets in the rivers and streams on his lands, nor shall it be unlawful for any person to catch with nets minnows for the use of fish bait.

"2. Any persons violating the provisions of this act shall be punished by a fine of not less than five dollars nor more than fifty dollars.

"3. This act shall be and become effective and in force only after the board of supervisors of Rockbridge county shall have adopted and ratified the same by matter of record, and the board of supervisors of said county may, if it sees fit, submit the question of adoption or rejection of this act to the people of Rockbridge county at any regular election, and if adopted, it shall be the law, and if rejected, it shall be of no force and effect. And the said board shall have the right at any time to modify this act as to the kind of nets or seines that may be used, and as to the period of time during the year the law shall remain in force."

[1] It is readily apparent from a comparison of this statute with the act of 1912 (Acts 1912, c. 92) that the latter was intended as a complete substitute for, and operated by implication as a repeal of, the former. *Brown* v. *Western State Hospital,* 110 Va. 321, 328, 66 S. E. 48, and authorities cited. The contention of the Commonwealth that the act of 1912, except as changed by the act of 1914, remains in force must, therefore, be rejected; but the maintenance of that contention is not essential to an affirmance of the judgment under review.

[2-4] The act of 1914 contained no emergency clause, and did not take effect until the lapse of ninety days after the adjournment of the session of the General Assembly at which it was passed. (Virginia Constitution, section 53). It, however, was a complete legislative enactment from the date of its approval, and became effective automatically upon the expiration of the suspension period.

On the 1st day of June, 1914, seventeen days before the act took effect, the board of supervisors of Rockbridge county by formal action adopted and ratified the same subject to certain modifications, which by its express terms they were authorized to make, and these modifications were repealed and others adopted by the board at a subsequent meeting in 1916 prior to the alleged offense of the defendants.

The question upon which the whole case depends is whether the board of supervisors could validly adopt and ratify the act of 1914 before the same actually took effect as a law. It is argued on behalf of the defendants that the action of the board on June 1, 1914, was null and void, and that their subsequent action in 1916, being merely an amendment to a void proceeding, could not have the effect of validating the original adoption and ratification.

It is undoubtedly true as a general proposition of law that until the time arrives for a statute to take effect, all acts purporting to have been done under it are null and void. 36 Cyc. 1192, and cases cited. It is also true that a void act cannot be made the subject of a mere amendment. *Lampkin* v. *Pike*, 115 Ga. 827, 42 S. E. 213, 90 Am. St. Rep. 153; *Copeland* v. *Sheridan*, 152 Ind. 107, 51 N. E. 474; *Louisville Ry.* v. *St. Louis*, 134 Ill. 656, 25 N. E. 962. We do not think, however, that these propositions apply to the question under consideration, and while we have not found and have not been referred to any decision or other authority directly in point, we are unable to give our assent to the contention that the first action of the board of supervisors was void. There is nothing in the act to indicate any intention on the part of the legislature to require the board to wait until the law would inevitably become effective before signifying approval of its terms, and we perceive no reason or principle which would require such a course. The evident purpose of the legislature was to make the action of the board a condition precedent to the effectiveness of the act; and it was left optional with the board whether the law should come into force at the end of ninety days from its passage, or at a later period, or should remain entirely dormant. If it was to become effective at the end of ninety days from its passage, the more promptly the board acted the better opportunity the public would have to respect its terms. This view seems

reasonable and just, and is in accord with the modern trend of legislation regarding the time when laws, other than emergency laws, shall take effect. Lile's Notes on Statutes (1911 page 1) ; 1 Cyc. 1191.

[5] The second assignment of error complains that the warrants were totally insufficient because they simply charged in general terms that the defendants "did violate the fish and game laws of this State." Under this heading it is argued, (1) that the fish and game laws of the State embrace a multitude of subjects and the warrants do not apprise the defendants of the particular offense with which they were intended to be charged; and (2) that the real subject of prosecution was a violation not of a State law but of a local law against catching fish with nets in Rockbridge county, and that therefore the *allegata* and *probata* do not correspond.

These points do not appear to have been made in the lower court. They could have been adequately met there by new or amended warrants under the broad and liberal provisions of section 4107 of the Code. Objections to the warrants upon these grounds could not have been properly sustained after verdict and judgment even in the trial court, and of course come too late when made for the first time on appeal. *Flint's Case,* 114 Va. 820, 823, 76 S. E. 308.

[6] The remaining assignment of error is that the court erred in permitting the argument of the case to be arrested and evidence introduced at that time.

It appears from one of the bills of exception "that after the Commonwealth had introduced all of its testimony upon the issue joined, and the defendant had declined to introduce any evidence, the case was being argued to the jury and the attorney for the Commonwealth had concluded his opening address to the jury, and counsel for defendants was addressing the jury and pressed the argument that there was no evidence upon which a verdict against any of the de-

fendants could be based because the fact of the existence of the local law for Rockbridge county had not been legally proved by the records of the board of supervisors of Rockbridge county; and thereupon it being conceded that the fact of such local law had not been proved, the court, over the objection of counsel for the defendants, suspended the argument before the jury and permitted the attorney for the Commonwealth to introduce certain records of the board of supervisors, etc." It further appears from this bill of exceptions that the defendants by counsel objected to the introduction of the aforesaid record "on the ground that it was error to introduce evidence at that stage of the proceedings, and because the records themselves showed that the local law had not been legally and properly adopted."

We have already disposed of the question as to the proper adoption of the law. As to the action of the court in permitting the argument to be arrested and the records of the board of supervisors to be introduced at that stage of the trial, we think the exception is met by the familiar general rule that the time and order of the introduction of proof rests largely in the discretion of the trial court. The evidence thus introduced was evidently a vital part of the Commonwealth's case, but it was altogether documentary and was undisputed. No continuance was asked for, and the record fails to disclose any reason for supposing that the defendants could have bettered their condition if the evidence had been introduced at an earlier stage. The evidence was, as we have held, clearly admissible, and we do not feel warranted in reversing the case for this irregularity.

For reasons stated, the judgment complained of must be affirmed.

*Affirmed.*