## Richmond

### THE BOARD OF SUPERVISORS OF PRINCE WILLIAM COUNTY, ET AL. v. T. CLAY WOOD, ET AL.

January 15, 1973.

Record No. 7988.

Present, Snead, C.J., Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Charles S. Perry; R. Terrence Ney (Floyd Caldwell Bagley, County Attorney for Prince William County; Boothe, Prichard & Dudley, on brief), for appellants.*

*Thomas G. Underwood (Owens, Underwood & Beane, on brief), for appellees.*

COCHRAN, J., delivered the opinion of the court.

Prince William County adopted the county executive form of government, effective January 1, 1972. The newly elected board of supervisors thereupon appointed six new members of the county school board and one member who was serving on December 31, 1971. All seven qualified by taking the oath of office. The six members serving on December 31, 1971, who were not reappointed filed their petition for a temporary injunction and motion for a declaratory judgment against the board of supervisors and the new appointees to the school board. They sought to have the trial court restrain the new appointees from acting and declare that the board of supervisors was required to reappoint all members of the school board in office on December 31, 1971.

No ruling on the petition for a temporary injunction was made after the parties stipulated that neither the old school board nor the new school board would act until the trial court, after hearing the motion for declaratory judgment, determined which group was entitled to serve.

By final order entered February 28, 1972, the trial court ruled that Code § 15.1-609.1[1] required the board of supervisors to appoint the members of the school board in office on December 31, 1971, for terms of four years each beginning January 1, 1972, or at the option of the supervisors, for staggered terms. We granted the board of supervisors and the new appointees an appeal.

To ascertain the legislative intent we first consider the wording of Code § 15.1-609.1, enacted as a part of chapter 624, Acts of Assembly 1966, an Act which became effective on June 27, 1966. (Acts of Assembly 1966, p. 1590).

The "preceding sections" referred to in the first clause are §§ 15.1-599 and 15.1-609, both relating to school board appointments in counties operating under the county executive form of government. Section 15.1-599 provides that certain appointments by the board of supervisors required by § 15.1-598, including those of school board trustees, shall be "without definite term" and that persons so appointed may be removed from office by the board of supervisors.

---

[1] "§ 15.1-609.1. Terms of school boards.—Notwithstanding the provisions of the preceding sections, in any county which hereafter adopts the county executive form of organization and government under this article, the trustees of the county school boards in office on June twenty-seven, nineteen hundred sixty-six, and those hereafter appointed shall be appointed or reappointed, as the case may be, for terms of four years each, except that initial appointments hereunder may be for terms of one to four years, respectively, so as to provide staggered terms for such trustees."

And § 15.1-609 provides that the school board shall be composed of trustees chosen by the board of supervisors to serve "at the pleasure of the appointing board". So the first clause of § 15.1-609.1 must be construed to mean "In spite of the provisions of §§ 15.1-599 and 15.1-609".

The second clause, "in any county which hereafter adopts the county executive form of organization and government under this article", clearly connotes prospective application. Since the statute speaks as of its effective date, the word "hereafter" means "after June 27, 1966". The effect of this language is to exclude from the Act any counties operating under the county executive plan prior to June 27, 1966. Such counties remain subject to the provisions of §§ 15.1-598, 15.1-599 and 15.1-609.

Section 15.1-609.1, as it appears in chapter 624, Acts of Assembly 1966, further provides that "the trustees of the county school boards in office on the effective date of this act and those hereafter appointed shall be appointed or reappointed, as the case may be, . . . ." A comparison reveals that in codifying this portion of the Act as § 15.1-609.1 the words "the effective date of this act" were changed to "June twenty-seven, nineteen hundred sixty-six", the actual effective date of the Act. So the language must be construed to refer to trustees of the county school boards in office on June 27, 1966, and those appointed after June 27, 1966.

The statute concludes by setting terms of four years each for school board trustees with provision for initial appointments for one to four years, respectively, if the board of supervisors so elects.

Appellants attempt without success to reconcile the provisions of §§ 15.1-599, 15.1-609 and 15.1-609.1. These sections, they argue, when read together mean that school board trustees will serve for four years each, unless it is the pleasure of the supervisors sooner to remove them without cause. This construction is untenable. The sections cannot and were not intended to be reconciled. Section 15.1-609.1 was clearly intended to make an exception to §§ 15.1-599 and 15.1-609, as shown by use of the phrase "notwithstanding the provisions of the preceding sections." It was intended to require fixed four year terms for school board trustees after initial appointments for either staggered or four year terms, and it was not intended to reserve to the supervisors the right to remove them at will.

Appellants argue that the trustees "hereafter appointed" within the meaning of § 15.1-609.1 should be construed to mean those appointed after a county has adopted the county executive form of govern-

ment. But they concede that the Act speaks from its effective date and there is nothing to suggest that "hereafter" has any meaning in this statute other than "after the effective date of this act". Moreover, if "hereafter" is construed to mean after a county has adopted the county executive form of government then "the effective date of this act" should be held to be the date when a county commences to operate thereunder. Such a construction is of no benefit to appellants.

In order to construe the Act to reach the result sought by appellants it is necessary to ignore the italicized words in the clause "the trustees of the county school board *in office on the effective date of this act and those hereafter appointed* shall be appointed or reappointed...". But these words cannot be ignored. 2 Sutherland, *Statutory Construction* 339 (3d ed. 1943). It is true, as appellants point out, that other statutes, inapplicable here, extending the terms of certain school board trustees (Code § 22-83.1), fixing the terms of others (Code § 22-83.2), and providing that trustees in counties not operating under a special form of government complete their terms after a change in the method of selection has been effected (Code § 22-79.3), have never required the reappointment of existing trustees. All these statutes, nevertheless, evince a continuing legislative interest in cushioning the shock to the public school system from sudden changes in local government. Staggered terms afford some continuity in the operation of school boards. But the continuity is subject to abrupt disruption if the appointing body may at will replace an entire board, as the construction placed upon § 15.1-609.1 by the appellants would permit.

We conclude that a fair reading of Code § 15.1-609.1 requires that it be construed to mandate the initial appointment of the school board trustees in office on December 31, 1971, either for four year terms each or, at the supervisors' option, for one, two, three and four years, respectively. As terms expire the supervisors will be free to appoint new or reappoint old members as they deem advisable. They may approve either staggered terms, which would enable them to appoint a majority of trustees of their choice during the incumbency of the present supervisors, or four year terms, which would enable their successors, but not the present supervisors, periodically to replace the entire school board.

Appellants next maintain that the Act, if so construed, repeals other statutes (§§ 15.1-599 and 15.1-609) by implication, which is not favored. We do not agree. It provides an express exception to

those statutes. Sections 15.1-599 and 15.1-609 remain in effect subject to the terms and provisions of the subsequent legislation. Only to the extent that the later statute furnishes the only rule governing school board appointments in counties in the future adopting the county executive form of government does it repeal §§ 15.1-599 and 15.1-609, and the validity of § 15.1-609.1 may not be successfully attacked on this ground. *See Standard Drug* v. *General Electric*, 202 Va. 367, 378-79, 117 S.E.2d 289, 297 (1960).

■ Appellants also assert that the Act violates the provisions of Article IV, Section 12 of the 1971 Virginia Constitution that no law shall embrace more than one object, which shall be expressed in its title. The title of the Act, which differs from the headline to § 15.1-609.1 appearing in the Code, reads as follows:

*"An Act to amend the Code of Virginia by adding sections numbered 15.1-609.1, and 15.1-644.1, relating to the appointment of trustees of certain county school boards."*

We look to the title of the Act as enacted into law rather than to the headline supplied by a codifier to determine whether the constitutional requirements of Article IV, Section 12 have been met. *See* Code § 1-13.9. This title is sufficient. The Act does not embrace more than one object, nor does it embrace an object not expressed in the title. Appellants insist that the title refers to *appointment* of school board trustees whereas the purpose of the Act, by our construction, is to require *reappointment* of existing trustees. But all initial appointments made by a newly elected board of supervisors under a new form of local government may properly be considered appointments, whether they apply to those previously serving or to new personnel. As we recently observed, "[a]ll that is required under § 52 [the predecessor in the 1902 Constitution of Article IV, Section 12] is that the subjects embraced in a statute but not specified in the title be germane to or in furtherance of the objects expressed in the title, or have a legitimate or material association therewith [citations omitted.]" *Development Authority* v. *Coyner*, 207 Va. 351, 355, 150 S.E.2d 87, 91 (1966).

■ The only other assignment of error relates to the refusal of the trial court to dismiss William T. Dunn as a party plaintiff. Dunn was a member of the old school board, serving as a member from the magisterial district in which he resided, as required by Code § 22-68.

By alteration of district boundaries under the provisions of Code § 15.1-37.5, effective December 31, 1971, Dunn was placed in another magisterial district. Appellants contend that Dunn's seat became vacant at the first moment of December 31, 1971. The trial court held that the redistricting became effective at midnight December 31, 1971, that Dunn was serving on that date and that he was entitled therefore to be appointed by the newly elected board of supervisors as required by § 15.1-609.1. We find no error in this ruling.

*Affirmed.*