COMMONWEALTH OF VIRGINIA

v.

FERDINAND RIVERA

No. 2184-92-4

Decided March 29, 1994

COUNSEL

Kathleen B. Martin, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on briefs), for appellant.

Corinne J. Magee, for appellee.

OPINION

FITZPATRICK, J.—The Commonwealth appeals a decision of the Circuit Court of Fairfax County dismissing an information against Ferdinand Rivera adjudicating him an habitual offender. Code §§ 46.2-351 to -363. The trial court held that a June 9, 1987 amendment to the Fairfax City Code was invalid, because it was a prospective adoption of future legislative amendments. For the reasons set forth below, we conclude that the Fairfax City ordinance at issue in this case was not unconstitutional because no improper delegation of authority actually occurred. Accordingly, we reverse the judgment.

The facts in this case are not in dispute. On June 29, 1992, the Commonwealth initiated habitual offender proceedings against Rivera. He was properly served on August 28, 1992, and a hearing was held October 1, 1992. The Commonwealth presented a certified abstract of Rivera's traffic convictions which was admitted into evidence without objection. The abstract listed four predicate offenses: driving while intoxicated in violation of Code § 18.2-266 on January 16, 1987 and April 9, 1991 respectively; and two additional convictions on September 17, 1987, one for driving while intoxicated and one for driving under revocation or suspension, both in violation of Fairfax City Code § 13-1. The offense date for the Fairfax City offenses was July 4, 1987.

Rivera successfully argued to the trial court that the two Fairfax City convictions could not be used as predicate offenses because, on June 9, 1987, the Fairfax City Council adopted Ordinance 1987-11, which incorporated by reference amendments to Title 46.1 and Article 2, Chapter 7 of Title 18.2 of the Code of Virginia as in force and effect on July 1, 1987. The trial court, in dismissing the information, held that the City's 1987 ordinance was invalid because it constituted an improper prospective adoption of future amendments.[1]

The Commonwealth argues that the actions taken by the Fairfax City Council on June 9, 1987 were appropriately delegated legislative actions because Code § 46.1-188 (now § 46.2-1313) authorized local governing bodies to enact ordinances which incorporated by reference appropriate provisions of Title 46.2 and Article 2 of Chapter 7 of Title 18.2 of the Code of Virginia and set no time limitation on their ability to do so. The Commonwealth contends that pursuant to this statutory grant of authority, the Fairfax City Council enacted the incorporating ordinance on June 9, 1987, which was to become effective July 1, 1987.

---

[1] ORDINANCE NO. *1987-11*
AN ORDINANCE AMENDING SECTION 13-1 OF
THE CODE OF THE CITY OF FAIRFAX, VIRGINIA.

BE IT ORDAINED by the City Council of the City of Fairfax, Virginia, *upon review of the amendments* made to Title 46.1 and Article 2 of Chapter 7 of Title 18.2 of the Code of Virginia during the 1987 session of the Virginia General Assembly, that the first sentence of Section 13-1 of the Code of the City of Fairfax, Virginia, be and the same is hereby amended to read as follows:

"Pursuant to the authority of Section 46.1-188 of the Code of Virginia, as amended, all the provisions and requirements of the laws of the State contained in Title 46.1 and Article 2 of Chapter 7 of Title 18.2 of the Code of Virginia, as in force and effect on July 1, 1987, except those provisions and requirements the violation of which constitutes a felony, and except those provisions and requirements which by their very nature can have no application to or within the City, are hereby adopted and incorporated in this Chapter by reference and made applicable within the City."

The remainder of Section 13-1 of the Code of the City of Fairfax shall continue to be in effect.

This ordinance shall become effective at 12:01 a.m., July 1, 1987.

INTRODUCED: May 26, 1987
PUBLIC HEARING: June 9, 1987
ADOPTED: June 9, 1987

(Emphasis added).

In addition, the Commonwealth relies on *Burks v. Commonwealth*, 126 Va. 763, 101 S.E. 230 (1919), for the proposition that a local governing body may adopt prospective legislative amendments. In *Burks*, the Supreme Court upheld the ratification of a state law by a county board of supervisors seventeen days before the statute took effect. Although noting that "until the time arrives for a statute to take effect, all acts purporting to have been done under it are null and void," *id.* at 767, 101 S.E. at 231, the Court went further in addressing a conviction after the effective date.

[W]e are unable to give our assent to the contention that the first action of the board of supervisors was void. There is nothing in the act to indicate any intention on the part of the legislature to require the board to wait until the law would inevitably become effective before signifying approval of its terms, and we perceive no reason or principle which would require such a course. . . . [T]he more promptly the board acted the better opportunity the public would have to respect its terms. This view seems reasonable and just.

*Id.* at 767-68, 101 S.E. at 231-32.

In 1993, the General Assembly specifically codified this position in Code § 46.2-1313 and declared it to be a clarification of existing law. Code § 46.2-1313 (which replaces former Code § 46.1-188), provides:

Ordinances enacted by local authorities pursuant to this article may incorporate appropriate provisions of this title, of Article 9 (§ 16.1-278 et seq.) of Chapter 11 of Title 16.1, and of Article 2 (§ 18.2-266 et seq.) of Chapter 7 of Title 18.2 into such ordinance by reference. Nothing contained in this title shall require the reenactment of ordinances heretofore validly adopted. Local authorities may enact ordinances incorporating by reference the appropriate provisions of state law before the effective date of such state law provided such state law has been adopted by the General Assembly and signed by the Governor, and provided further that such local ordinance shall become effective on the same date as the effective date of the state law. The provisions of this section are declaratory of existing law.

■ Article VII, Section 2 of the Constitution of Virginia limits the powers of local governments to exercise only those powers that the General Assembly may provide by general law or special act. Dillon's Rule provides that "the powers of [the Fairfax City Council] are fixed by statute and are limited to those conferred expressly or by necessary implication." *Board of Supervisors v. Horne*, 216 Va. 113, 117, 215 S.E.2d 453, 455 (1975). Any ordinance not passed in accord with these principles is void and unconstitutional. *See Commonwealth v. Knott*, 11 Va. App. 44, 396 S.E.2d 148 (1990); *Commonwealth v. Holtz*, 12 Va. App. 1151, 408 S.E.2d 561 (1991) (holding that an habitual offender certification cannot be predicated upon a conviction under an invalid ordinance).

Code § 15.1-132 specifically authorizes "[t]he governing bodies of cities . . . [to] make ordinances prohibiting the driving of motor vehicles . . . while under the influence of alcohol." Code § 46.1-188, as in effect on June 9, 1987, provided:

Ordinances enacted on and after July 1, 1968, by local authorities pursuant to this article may incorporate appropriate provisions of this title and of Article 2 (§ 18.2-266 et seq.) of Chapter 7 of Title 18.2 into such ordinance by reference. Nothing contained in this title shall be construed to require the reenactment of ordinances heretofore validly adopted.

Code §§ 15.1-132 and 46.1-188 expressly allow local authorities to enact ordinances prohibiting the driving of a motor vehicle while under the influence of alcohol and the incorporation by reference of appropriate provisions of state law into such local ordinances. The Code is silent, however, as to when and how the local governing body may incorporate these provisions of state law into their ordinances. For example, former Code § 46.1-188 did not specify whether incorporation by reference could be done before the actual effective date of the state law. Therefore, this case requires us to determine whether the City had the authority to act as it did.

■ "[T]he Dillon Rule is applicable to determine in the first instance, from express words or by implication, whether a power exists at all. If the power cannot be found, the inquiry is at an end." *Commonwealth v. Arlington County Bd.*, 217 Va. 558, 575, 232 S.E.2d 30, 41 (1977). Dillon's Rule was first recognized in

*City of Winchester v. Redmond,* 93 Va. 711, 25 S.E. 1001 (1896), a decision in which the Supreme Court quoted with approval from 1 John F. Dillon, *Commentaries on the Law of Mun. Corp.* § 89 (3d ed. 1881), as follows:

> [A] municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; Second, those necessarily or fairly implied in or incident to the powers expressly granted; Third, those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied.

*Id.* at 714, 25 S.E. at 1002; *accord County Board v. Brown,* 229 Va. 341, 344, 329 S.E.2d 468, 470 (1985). Further, "[a]n ordinance may by appropriate language adopt by reference the provisions of *existing* statutes." 5 Eugene McQuillen, *Municipal Corporations* § 16.12 (1981) (emphasis added); *see also Rollins v. Town of Gordonsville,* 216 Va. 25, 215 S.E.2d 637 (1975); Code § 46.1-188. Applying this standard to the case at bar, we conclude that the Fairfax City Council had the power and authority to enact ordinances incorporating by reference appropriate provisions of existing state law that had already been enacted by the legislature and signed by the Governor.

"In assessing the constitutionality of a statute or ordinance, courts must presume that the legislative action is valid. Consequently, the burden is on the challenger to demonstrate the constitutional defect." *Coleman v. City of Richmond,* 5 Va. App. 459, 462, 364 S.E.2d 239, 241 (1988) (citations omitted). The trial court held that the 1987 ordinance was "an improper, prospective adoption by reference of amendments by the General Assembly to the Virginia State Code which had yet to become effective when adopted by Fairfax City." As previously stated, Fairfax City was authorized to incorporate by reference *existing* statutes that had yet to become effective. Code § 46.1-188. In our view, the only potential defect with Fairfax City's June 9, 1987 enactment of Ordinance 1987-11 is that it permitted the possibility that during the twenty-two days between the ordinance enactment date and the effective date of both the ordinance and state statutes, a possible post-enactment amendment to the Code of Virginia could oc-

cur. In such a case, the earlier incorporation would be ineffective. Here, however, there was no post-enactment amendment to the Code of Virginia.

"[A]s a state court, we may construe our statutes to have a limited application if such a construction will tailor the statute to a constitutional fit. If the statute or ordinance violates the federal or the Virginia constitution, however, and judicial severance of the invalid sections is impossible, it will fail and any conviction based thereon must also fail." *Coleman*, 5 Va. App. at 462, 364 S.E.2d at 241 (citations omitted); *see also Sos v. Commonwealth*, 14 Va. App. 862, 419 S.E.2d 426 (1992). In the case at bar, there was no post-enactment amendment to the Code of Virginia during the twenty-two day period before the effective date of the ordinance. As such, the actual text of the incorporated provisions of the state law had become final prior to the enactment of the Fairfax City ordinance.[2] The language of the ordinance specifies that the legislative action was taken "upon review of the amendments made . . . during the 1987 session of the Virginia General Assembly." *See supra* note 1. This language reflects the intent of the City Council to adopt only those provisions that were in existence on June 9, 1987. Under these circumstances, we construe the ordinance to incorporate only those provisions of state law that had already been enacted and signed by the Governor prior to the date the Fairfax City ordinance was enacted. Because there were no post-enactment amendments to the Code of Virginia, we conclude that no improper delegation of legislative authority occurred.

For the reasons set forth above, we reverse the judgment and remand the case to the trial court for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*

Elder, J., concurred.

Benton, J., dissenting.

On June 9, 1987, when the Fairfax City Council enacted Ordinance No. 1987-11, the state statute that was incorporated by reference into that ordinance was not then in effect. Nothing in for-

---

[2] The reconvened session of the 1987 General Assembly concluded on April 8, 1987. There was no subsequent special session of the General Assembly during that year.

mer Code § 46.1-188 empowered a municipality to enact an ordinance that prospectively incorporated by reference a state law that was not in effect at the time the municipal ordinance was enacted.

The Supreme Court of Virginia has consistently interpreted the Virginia Constitution to mandate "that the power of a municipality, unlike that of the state legislature, must be exercised pursuant to an express grant, and in the particular manner specified, if one is specified." *Town of South Hill v. Allen*, 177 Va. 154, 163, 12 S.E.2d 770, 773 (1941). "Virginia follows Dillon's Rule of strict construction and its corollary." *County Board of Arlington v. Brown*, 229 Va. 341, 344, 329 S.E.2d 468, 470 (1985). The Supreme Court has frequently cited the Dillon Rule to limit the powers of municipalities to those that "are clearly and unmistakably delegated by the legislature." *City of Richmond v. Supervisors of Henrico County*, 199 Va. 679, 684, 101 S.E.2d 641, 645 (1958).

> " 'It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers and no others: First, those granted in express words; second, those necessarily or fairly implied in or incidental to the powers expressly granted; third, those essential to the declared objects and purposes of the corporation, not simply convenient but indispensable. Any fair, reasonable doubt concerning the existence of the power is resolved by the courts against the corporation and the power is denied.' "

*Id.* (quoting *City of Winchester v. Redmond*, 93 Va. 711, 714, 25 S.E. 1001, 1002 (1896)). "If there is any reasonable doubt whether legislative power exists, that doubt must be resolved against the local governing body." *City of Richmond v. Confrere Club of Richmond*, 239 Va. 77, 79-80, 387 S.E.2d 471, 473 (1990).

Virginia law has always recognized a distinction between the time when a bill is enacted and the time when it goes into effect and begins to operate.

> " 'As a general rule a statute speaks as of the time when it takes effect and not of the time it was passed. Indeed, where a statute does not become operative immediately on its en-

actment, but the time of its going into effect is postponed until a later date, either by virtue of its own terms or a general statutory or constitutional provision, it ordinarily does not have any effect until the stated period has expired.' "

*County School Board of Fairfax County v. Town of Herndon*, 194 Va. 810, 814, 75 S.E.2d 474, 477 (1953) (quoting 50 Am. Jur., *Statutes* § 500). Consequently in Virginia a "statute speaks as of its effective date." *Board of Supervisors of Prince William County v. Wood*, 213 Va. 545, 546, 193 S.E.2d 671, 673 (1973). Thus, the principle is well established in Virginia, that "as a general proposition of law . . . until the time arrives for a statute to take effect, all acts purporting to have been done under it are null and void." *Burks v. Commonwealth*, 126 Va. 763, 767, 101 S.E. 230, 231 (1919).

Until the amended state statute that the Fairfax City Council sought to adopt became effective, it was not a part of Article 2 of Chapter 7 of Title 18.2 of the Code of Virginia; thus, it could not be incorporated by reference. The City did not have the power it sought to exercise. That power was not "conferred expressly or by necessary implication." *Board of Supervisors of Fairfax County v. Horne*, 216 Va. 113, 117, 215 S.E.2d 453, 455 (1975).

The Commonwealth argues that *Burks* supports the view that the locality has the power to enact an ordinance by prospectively incorporating by reference a state statute that has not yet taken effect. I find nothing either express or implied in *Burks* that supports that argument. In *Burks*, the General Assembly of Virginia passed an act which prohibited the catching of fish by nets in the rivers of Rockbridge County. 126 Va. at 765-66, 101 S.E. at 231. The act expressly stated in pertinent part, as follows:

This act shall be and become effective and in force only after the board of supervisors of Rockbridge County shall have adopted and ratified the same by matter of record, and the board of supervisors of said county may, if it sees fit, submit the question of adoption or rejection of this act to the people of Rockbridge County at any regular election, and if adopted, it shall be the law, and if rejected, it shall be of no force and effect.

*Id.* at 766, 101 S.E. at 231. Prior to the effective date of the act, the board of supervisors met, adopted, and ratified the legislative act. The action of the Board was challenged as void because the Board acted before "the lapse of ninety days after the adjournment of the session of the General Assembly," the effective date provided in the constitution. *Id.*

In ruling that the Board's action was valid, the Court stated that "[t]he evident purpose of the legislature was to make the action of the board a condition precedent to the effectiveness of the act." *Id.* at 767, 101 S.E. at 231. Simply put, the legislature passed a law that would not take effect until the happening of a particular event or until the happening of a future contingency, but in no event prior to the end of ninety days from passage of the Act. The contingency was the action by the Board of Supervisors of Rockbridge County. *Id.* at 766, 101 S.E. at 231. As the Court stated, "[t]here is nothing in the act to indicate any intention on the part of the legislature to require the board to wait until the law would inevitably become effective *before signifying approval of its terms.*" *Id.* at 767, 101 S.E. at 231 (emphasis added).

The condition precedent for the act to become effective was either the adoption of the ban at a board of supervisor's meeting or approval of the ban by a voter referendum. Neither condition depended upon the legislative act being effective to lawfully validate the condition precedent. The validity of the board of supervisor's meeting, where a resolution was passed to adopt the act, was determined by the rules authorizing the locality to conduct its meeting. The locality did not by its actions incorporate by reference the state statute. It merely met in its normal course and enacted a resolution.

Indeed, the event "signifying approval of [the act's] terms," *id.*, could have been any event selected by the legislature. For example, the gathering of ten taxpayers at 5:00 a.m. on the courthouse steps could have been designated the event. Nothing in the statute required the contingency to occur on or after the effective date of the act. As the court stated in *Town of Herndon*:

"It will be conceded that the legislature may provide that an act shall not take effect until some future day named or until the happening of some particular event or in some contingency thereafter to arise or upon the performance of some

specified condition. The exigencies of the government may frequently require laws of this character and to deny to the legislature the right so to frame them would be unduly to qualify and impair the powers plainly and necessarily conferred."

194 Va. at 815, 75 S.E.2d at 478 (quoting *Bull v. Read*, 54 Va. (13 Gratt.) 78, 89 (1855)).

The power of the legislature to pass a statute with the proviso that it will take effect upon the happening of a contingency is vastly different than a locality enacting an ordinance that prospectively incorporates by reference a legislative act. When the Fairfax City Council enacted the ordinance that prospectively incorporated by reference an act that was not then effective, it was acting *ultra vires*. Thus, the ordinance that it enacted was void.

An ordinance that was void when adopted by the Fairfax City Council cannot be validated by subsequent action by the legislature. The Commonwealth suggests that Code § 46.2-1313, which was enacted by the legislature in 1993 during the pendency of this suit, is declaratory of the law that existed in 1987. That suggestion attempts to mandate a rule of interpretation in violation of generally understood principles of separation of powers. *See* Va. Const. art. III, § 1; *see also* 16 Am. Jur. 2d *Constitutional Law* §§ 326-29 (1979).

So far as it [the Virginia statute that sought to retrospectively define words in an older statute] undertook, in declaring the true intent and meaning of a previous statute, to give that meaning a retrospective operation, it was nugatory. It is not competent for the legislative department of government to declare the meaning of previous statutes for such a purpose. That is the province of the courts. If the new statute declares the law to mean what the courts declare it to mean, then it is useless. If it undertake to give the law a meaning different from that given by the courts, then it is void. To declare what the law is or has been is a judicial function. To declare what it shall be, is legislative.

*Gorman v. Sinking Fund Commissioners*, 25 F. 647, 650-51 (E.D. Va. 1885).

For these reasons, I would affirm the judgment of the circuit court. Therefore, I dissent.