## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Walter L. Payne, Jr.

April 17, 1995

Case No. (Law) 135516

BY JUDGE JANE MARUM ROUSH

This case comes before this Court on the Commonwealth's Rule to Show Cause brought pursuant to Virginia Code § 46.2-354 (the habitual offender statute) and Defendant's corresponding Motion to Dismiss the Rule. The Court heard arguments from counsel, received memorandum of law and took the case under advisement. For the reasons set out below, the Court denies Defendant's Motion to Dismiss and will enter an order declaring him to be a habitual offender.

The defendant Walter L. Payne, Jr., challenges the validity of his conviction in 1989 for driving while intoxicated. That conviction was for violation of Fairfax City Code § 13-1, as amended June 28, 1988, by Ordinance No. 1988-15. Citing Virginia case law holding that a habitual offender certification cannot be predicated upon a conviction under an invalid ordinance, Defendant contends the ordinance should be declared invalid and the Rule should be dismissed.

"In assessing the constitutionality of a statute or ordinance, courts must presume that the legislative action is valid. Consequently, the burden is on the challenger to demonstrate the constitutional defect." *Commonwealth v. Rivera*, 18 Va. App. 103, 108, 442 S.E.2d 410 (1994), *quoting Coleman v. City of Richmond*, 5 Va. App. 459, 462, 364 S.E.2d 239, 241 (1988).

Defendant's first attack on the validity of the Fairfax City ordinance under which he was convicted is based on Article VII, § 7, of the Constitution of Virginia. That section provides, in pertinent part, that "[o]n final

vote on any ordinance or resolution, the name of each member voting and how he voted shall be recorded." The Defendant argues that minutes of the June 28, 1988, meeting of the Fairfax City Council at which Ordinance No. 1988-15 was adopted do not reflect the name of each member voting and how he voted. A close reading of the minutes, however, shows that they state which city council members were present at the meeting and that the ordinance was adopted unanimously. In a similar case, the Attorney General of Virginia has opined that if a board of supervisors votes unanimously and attendance at the meeting has already been recorded, there is no need once again to record the names of those voting. 1971-72 *Ops. Va. Att'y Gen.* 42. Under the circumstances of this case, the names of the members and how they voted are recorded within the meaning of Article VII, § 7, of the Constitution of Virginia. Requiring the city clerk to record each member's individual vote is unnecessarily redundant.

The Defendant next contends that the city council adopted the ordinance in violation of the Virginia Freedom of Information Act. Defendant argues that the minutes of the meeting reflect that the ordinance was adopted at a closed meeting. The evidence indicates the meeting was advertised and members of the public were invited to attend and express their views. A plain reading of the minutes indicates that, during the course of the meeting, the acting mayor opened a public hearing to allow public comment prior to the council's vote on whether to adopt the proposed ordinance. The minutes continue: "hearing no response, he declared it closed." The "it" clearly refers to the public hearing, not the regular meeting of the city council. The council proceeded to vote in public, with the results recorded in the record.

Finally, Defendant raises questions about whether the mayor signed Ordinance No. 1988-15 on the day indicated on its face. The mayor signed the ordinance and dated his signature June 28, 1988, the day of the city council meeting. The meeting minutes, however, indicate that the mayor was out of town that day. Even if the mayor's signature was affixed on a day other than June 28, 1988, the ordinance is nonetheless valid. The mayor's signature is not required for an ordinance to become operative in Fairfax City. Section 5.3 of the Fairfax City Code states that an ordinance becomes operative unless it is vetoed by the mayor in writing within five days of being transmitted to him. Defendant presented no evidence suggesting the mayor vetoed the ordinance in writing. Accordingly, even if the ordinance was signed by the mayor on a different day than is indicated, the ordinance is not thereby invalid.

Defendant has not met his burden of demonstrating that the Fairfax City ordinance under which he was convicted of driving while intoxicated is invalid. He does not challenge any of his other predicate offenses under the habitual offender statute. The Motion to Dismiss the Rule to Show Cause is denied and the Court will enter an order declaring the Defendant to be a habitual offender.