COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


WILLIAM BRYANT BRANTLEY, s/k/a
 WILLIAM BRYAN BRANTLEY

v.          Record No. 1061-94-3     MEMORANDUM OPINION[*]
                                BY JUDGE SAM W. COLEMAN III
CITY OF DANVILLE                     FEBRUARY 20, 1996


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                      James F. Ingram, Judge

          Glenn L. Berger (Shreve & Berger, on brief),
          for appellant.

          Robert L. Adams, Jr., Assistant Attorney for
          the Commonwealth, for appellee.


     William Bryant Brantley was charged and convicted of driving

under the influence of alcohol in violation of Danville City

Ordinance §§ 21-48 and 21-49.3.  Brantley contends that

§ 21-49.3 was void at the time of his arrest because it

prescribed a lesser punishment than Code § 18.2-270.  We reject

this contention and affirm the defendant's conviction.

     Danville City Ordinance § 21-49.3 makes driving in Danville

while under the influence of drugs or intoxicants unlawful and

provides the punishment for the offense.  On November 13, 1993,

the date of the defendant's arrest, § 21-49.3 incorporated the

penalties set forth in Virginia Code § 18.2-270 as amended and in

effect on July 1, 1992.  Effective July 1, 1993, Code § 18.2-270

_____

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

had been amended to define a separate offense with an enhanced penalty for driving under the influence "while transporting a person seventeen years of age or younger."  Danville did not amend § 21-49.3 to include this enhanced penalty offense until November 16, 1993, three days after the defendant's arrest. Thus, the defendant contends that the Danville ordinance in effect at the time of his arrest is void because it violated Code § 15.1-132, which provides that no local "ordinance shall provide for a lesser punishment than that prescribed by general law for a similar offense."

A defendant can challenge only the portion of an ordinance that affects him.  <u>Sos v. Commonwealth</u>, 14 Va. App. 862, 865, 419 S.E.2d 426, 428 (1992).  In the present case, the record contains no evidence suggesting that the defendant was transporting a person seventeen years of age or younger, or that the trial court considered that offense and an enhanced sentence for transporting such a person.  Accordingly, the enhanced penalty provided by the July 1, 1993, amendment to Code § 18.2-270 did not apply to the defendant, and Danville City Ordinance, as applied in this case, conformed to Code § 18.2-270.  We therefore affirm the defendant's conviction.

<u>Affirmed.</u>

BENTON, J., dissenting.


By statute, the General Assembly has specifically authorized local governments to enact ordinances prohibiting driving under the influence only under the following terms:

> The governing bodies of cities, towns and counties may make ordinances prohibiting the driving of motor vehicles, . . . in such cities, towns and counties by any person while under the influence of any . . . liquid beverage or article containing alcohol or wine or under the influence of any other self-administered intoxicant or drug of whatsoever nature, and may prescribe fines and other punishment for violations of such ordinances. . . . <u>No such ordinance shall provide for a lesser punishment than that prescribed by general law for a similar offense.</u> Such ordinances may provide the same penalties for violations thereof as are provided by general law for similar offenses . . . and the judgment of conviction for a violation of any such ordinance shall operate to deprive the person convicted of the right to drive or operate any motor vehicle, engine or train in this Commonwealth to the same extent as if such conviction had been under the general law of the Commonwealth for a similar offense, or to a greater extent if so provided in such ordinance.

Code § 15.1-132 (emphasis added).

In <u>Commonwealth v. Rivera</u>, 18 Va. App. 103, 442 S.E.2d 410 (1994), this Court ruled as follows:

> Article VII, Section 2 of the Constitution of Virginia limits the powers of local governments to exercise only those powers that the General Assembly may provide by general law or special act. Dillon's Rule provides that "the powers of [local governments] are fixed by statute and are limited to those conferred expressly or by necessary implication." Any ordinance not passed in accord with these principles is

-3-

void and unconstitutional.

Id. at 107, 442 S.E.2d at 412 (citation omitted).  Thus, the City of Danville was required to conform its ordinances "in strict accord" with state law.  Boyles v. City of Roanoke, 179 Va. 484, 487, 19 S.E.2d 662, 663 (1942).  It failed to so do.

Brantley was charged under the City of Danville Ordinance § 21-48 which states as follows:

>The provisions of Section 18.2-266 of the Code of Virginia, 1950, as amended, as in effect of July 1, 1992, pertaining to driving motor vehicles while intoxicated, are hereby adopted and incorporated mutatis mutandis in the chapter by reference, pursuant to the authority contained in Section 46.2-1313 of the Code of Virginia, 1950, as amended.

The penalty for a violation of Ordinance § 21-48 is specified as follows in Ordinance § 21-49.3:

>The provisions of Section 18.2-270 of the Code of Virginia, 1950, as amended, as in effect on July 1, 1992, pertaining to penalty for driving while intoxicated, subsequent offense, and prior conviction, are hereby adopted and incorporated mutatis mutandis in this chapter by reference, pursuant to the authority contained in Section 46.2-1313 of the Code of Virginia, 1950, as amended.

These ordinances were in effect on the date of the offense. The state statutes in effect on November 13, 1993, the date of the offense, provided greater punishment than was specified under the city ordinances.  The city ordinances were not amended to conform to state law until November 16, 1993.

The city ordinance in effect at the time of this proceeding violated state law because it provided for a lesser punishment

-4-

for violation of the city's ordinance prohibiting driving under the influence of alcohol than was mandated by Code § 18.2-270 for violation of the general law for the same offense. See Parker v. City of Newport News, 17 Va. App. 253, 436 S.E.2d 290 (1993). Because the city failed to timely amend its ordinance, it exercised power not granted by the legislature. The ordinance's proscription was ultra vires and void ab initio. School Board v. Burley, 225 Va. 376, 379, 302 S.E.2d 53, 55 (1983).

Because the ordinance was not in conformity with the express authorization of state law and because it adopted the provisions of Code § 18.2-266 as a whole, I would hold that the entire ordinance was void ab initio. Thus, I would hold that Sos v. Commonwealth, 14 Va. App. 862, 419 S.E.2d 426 (1992), does not bar Brantley from challenging the void ordinance. Brantley's challenge is not that the ordinance is vague; he contends that the ordinance is void. Furthermore, severance cannot cure the Dillon Rule violation.