## CIRCUIT COURT OF LOUDOUN COUNTY

Robert E. Saunders

v.

Commonwealth of Virginia

April 30, 1997

Case No. (Law) 18810

BY JUDGE JAMES H. CHAMBLIN

This matter is before the Court upon petitioner's appeal of the determination by the Virginia Department of Motor Vehicles (DMV) that petitioner is an habitual offender. The petitioner requests that the Court find that his 1989 conviction for driving while intoxicated (DWI) from the Prince William County General District Court, one of the three DWI convictions upon which the habitual offender determination is based, is an invalid conviction, as it was based on an invalid ordinance and therefore not applicable to an habitual offender determination. After hearing the argument of counsel on April 4, 1997, the Court took the matter under advisement.

For the reasons that follow, the Court finds that the Prince William County ordinance upon which the petitioner's 1989 DWI conviction was based was invalid. Accordingly, that conviction is invalid and, as such, cannot be counted against the petitioner for purposes of an habitual offender determination.

The facts in this case are generally not in dispute. On September 21, 1996, the DMV determined the petitioner, Robert E. Saunders, to be an habitual offender. That determination was predicated on three requisite traffic convictions within ten years: DWI from the General District Court of Loudoun County on September 4, 1996; DWI from the General District Court of Prince William County on November 17, 1989, in violation of Prince William County

Code § 13-240[1]; and DWI from the General District Court of Fairfax City on May 26, 1987. The date of the Prince William County offense was September 27, 1989. On September 24, 1996, the DMV issued an Order of Revocation to take effect on October 24, 1996. Pursuant to Virginia Code § 46.2-352(B), the petitioner appealed the DMV's habitual offender determination on February 20, 1997, by filing a "Petition for Hearing from DMV Determination of Habitual Offender Status." He submits that his second DWI conviction should not be included in the habitual offender determination because it was based on a county ordinance that was invalid at the time of his arrest and conviction. The DMV has stayed its Order of Revocation pending a ruling by this Court on petitioner's habitual offender status.

The Commonwealth argues that the petitioner may not now, more than seven years after having been convicted, attack the validity of that conviction. The conviction, the Commonwealth contends, is final and not appealable.

The Court disagrees with such an assertion on two fronts. Firstly, while collateral attacks are generally not allowed against criminal convictions, *Eagle, Star, and British Dominions Ins. Co. v. Heller,* 149 Va. 82 (1927), attacking a conviction underlying an habitual offender adjudication by asserting a jurisdictional defect is permissible, *Morse v. Commonwealth,* 6 Va. App. 466 (1988). In the case at bar, the petitioner claims that the ordinance enacted by the Board of County Supervisors was invalid and therefore void. Clearly, then, the petitioner's appeal of the habitual offender adjudication comprises an assertion of a jurisdictional defect, as no court, including the General District Court of Prince William County, would have the power to hear and determine a cause based on void legislation. Secondly, the petitioner's cause of action in this matter does not constitute an appeal of the 1989 criminal conviction. It is simply an appeal of the DMV's habitual offender determination. Thus, Mr. Saunders is not asking that the conviction be overturned or reversed. Rather, he seeks only to avoid having that conviction, which he claims is invalid, used as the basis of an habitual offender determination. The Habitual Offender Act provides that only those convictions based on *valid* ordinances may be used to make an habitual offender determination. Virginia Code § 46.2-351(3) (emphasis added).[2] Accordingly, if the petitioner, in appealing the DMV's

---

[1] The Commonwealth suggests that the record in this case fails to show with certainty that Mr. Saunders' 1989 conviction for driving under the influence of alcohol was under the Prince William County ordinance in question. Having reviewed the authenticated record pertinent to this matter from the General District Court of Prince William County, this Court finds that Mr. Saunders was arrested on September 27, 1989, and charged with having violated Prince William Code § 13-240, a charge to which he pleaded guilty and of which he was convicted on November 17, 1989.

[2] In construing the Habitual Offender Act for purposes of this appeal, the Court is mindful

habitual offender determination, can show that § 13-240 of the Prince William County Code was invalid on September 27, 1989, his conviction under § 13-240 may not be used as a predicate offense to adjudicate him an habitual offender. *See, e.g., Commonwealth v. Knott*, 11 Va. App. 44 (1990); *Commonwealth v. Holtz*, 12 Va. App. 1151 (1991). Clearly, he is entitled to make such an appeal and such an attack under the Habitual Offender Act, specifically Virginia Code § 46.2-352(B).

The petitioner contends that § 13-240 was invalid in 1989 because its readoption in 1987 by the Board of County Supervisors of Prince William County constituted an improper attempt to make an incorporated amendment to Virginia Code § 18.2-266 effective locally before it was to become effective statewide. Such action by the Board of County Supervisors, Mr. Saunders argues, exceeds the Board's statutorily-granted power, thus rendering the 1987 readoption of § 13-240 void under the Dillon Rule.

On June 16, 1987, Prince William County's Board of County Supervisors passed Ordinance No. 87-53 which, *inter alia*, readopted verbatim the language of § 13-240 of the Prince William County Code for the express purpose of incorporating into § 13-240 the amendments to § 18.2-266 of the Virginia Code enacted by the 1987 General Assembly.[3] Section 13-240, as readopted in 1987 and in effect on September 27, 1989, provided:

> The provisions of § 18.2-266 of the Code of Virginia, pertaining to driving motor vehicles while intoxicated, are hereby adopted and incorporated mutatis mutandis in this chapter by reference pursuant to the authority contained in § 46.1-188 of the Code of Virginia.

_____

of the well-established principle that even though an habitual offender adjudication is a civil proceeding, because its effect is to impose a forfeiture, Code § 46.2-351 "must be strictly construed against the Commonwealth." *Hoye v. Commonwealth*, 12 Va. App. 587, 589 (1991).

[3]  In pertinent part, Ordinance No. 87-53 provides: "Whereas, readoption of Sections 13-240, 13-242, and 13-246 of the County Code dealing with driving while under the influence would incorporate the 1987 amendments to the state statutes enacted by the General Assembly referenced in these ordinances …. Now, therefore, be it ordained that the Board of County Supervisors of Prince William County, Virginia, does hereby readopt verbatim the language of Sections 13-240, 13-242, and 13-246 dealing with driving under the influence, as they currently appear in the Prince William County Code in order to incorporate the amendments to the referenced sections of the Code of Virginia, enacted by the 1987 General Assembly."

Prior to 1993, the Board of County Supervisors periodically readopted § 13-240 in order to incorporate amendments enacted by the Virginia General Assembly to Virginia Code § 18.2-266.[4]

Statutes enacted by the Virginia General Assembly take effect on the first day of July immediately following their passage, unless the legislature specifies a different date. Va. Const., art. IV, § 13. Local ordinances, on the other hand, take effect upon adoption, unless the governing body specifies a later date. Va. Code § 15.1-504. In this instance, the Virginia General Assembly specified that the 1987 amendment to Virginia Code § 18.2-266 was to become effective April 1, 1988. Ordinance No. 87-53, adopted June 16, 1987, does not indicate when it was to become effective; however, the current version of § 13-240 shows that it took effect on July 1, 1987. Thus, the readoption of § 13-240 took effect well before the state statute amendment which it was intended to incorporate went into effect.

Article VII, § 2, of the Constitution of Virginia authorizes local governments to exercise only those powers that the General Assembly may provide by general law or special act. Further, the Dillon Rule, long recognized and followed in Virginia, provides that a local governing body has and may exercise "only those powers expressly granted by the General Assembly, those necessarily or fairly implied therefrom, and those that are essential and indispensable." *City of Richmond v. Confrere Club of Richmond*, 239 Va. 77, 79 (1990). "Any ordinance not passed in accord with these principles is void and unconstitutional." *Commonwealth v. Rivera*, 18 Va. App. 103, 107 (1994) (citing *Commonwealth v. Knott*, 11 Va. App. 44 (1990); *Commonwealth v. Holtz*, 12 Va. App. 1151 (1991)). The question before the Court, then, is whether the County Board of Supervisors exceeded its authority under the Dillon Rule by making an ordinance that was expressly intended to incorporate an amendment to a state statute effective prior to the effective date of that amendment.

As in effect on June 16, 1987, Virginia Code § 15.1-132 and former Virginia Code § 46.1-188 expressly authorized local governments to adopt ordinances prohibiting the driving of a motor vehicle while under the influence of alcohol and the incorporation by reference of appropriate provisions of state law into those local ordinances. Neither section, however, specifies how and when local authorities may incorporate such provisions of state law into their local ordinances.

---

[4] In 1993, the Virginia General Assembly enacted Virginia Code § 1-13.39.2, which authorized local authorities to incorporate by reference future amendments to state statutes without readopting the local ordinance, as long as the local ordinance expressed such intent.

In 1993, the General Assembly enacted Virginia Code § 46.2-1313 to replace § 46.1-188. Section 46.2-1313 provides:

> Local authorities may enact ordinances incorporating by reference the appropriate provisions of state law before the effective date of such state law provided such state law has been adopted by the General Assembly and signed by the Governor, and *provided further that such local ordinance shall become effective on the same date as the effective date of the state law. The provisions of this section are declaratory of existing law.*

*Id.* (emphasis added). In *Commonwealth v. Rivera*, 18 Va. App. 103 (1994), the Court of Appeals cited Virginia Code § 46.2-1313 and held that a city council had the power and authority under Virginia Code § 46.1-188 to adopt, prior to its effective date, an ordinance that was to become effective on the same date that the existing legislative amendment it incorporated was to become effective. Clearly, then, the Virginia Code authorizes prospective enactment of local ordinances and prospective incorporation of state law when the effective date of the ordinance corresponds to, or at least does not precede, the effective date of the incorporated state law. *See also* Va. Code § 46.1-880 (now § 46.2-1300) (authorizing local governments to enact ordinances regulating the operation of motor vehicles, as long as those ordinances are not in conflict with the Code); Va. Code § 1-13.17 (requiring that local ordinances not be inconsistent with state law).

In the instant case, however, the local ordinance and the state law were definitely in conflict and inconsistent. As previously noted, Ordinance No. 87-53 took effect on July 1, 1987, but the 1987 amendment to Virginia Code § 18.2-266, which Ordinance No. 87-53 was expressly intended to incorporate via the readoption of Prince William County Code § 13-240, did not take effect until April 1, 1988. Thus, when Ordinance No. 87-53 became effective on July 1, 1987, it attempted to incorporate at the local level an existing state statute amendment that had not yet taken effect at the state level. The Court can find nothing in the Code, nor elsewhere, that empowers, either expressly or by necessary implication, a municipality to enact such an ordinance. Hence, the Court must conclude that, in making an ordinance that was expressly intended to incorporate an amendment to a state statute effective prior to the effective date of that amendment, the Board of Supervisors of Prince William County exercised a power it did not have. It exceeded its appropriately-delegated legislative authority and, thus, performed an act proscribed by the Dillon Rule.

Consequently, for purposes of the instant habitual offender determination, the Court finds that Ordinance No. 87-53 and, thus, Prince William County Code § 13-240 were invalid on September 27, 1989, the date of the petitioner's Prince William County offense. Accordingly, as it was based on an invalid ordinance, the petitioner's November 17, 1989, DWI conviction from the General District Court of Prince William County is invalid and may not, pursuant to Virginia Code § 46.2-351, be counted as a predicate offense for purposes of an habitual offender determination. Accordingly, the Court finds that the petitioner, having only two valid DWI convictions, is not by definition an habitual offender. The DMV's determination to the contrary is therefore reversed and dismissed.