# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Spotsylvania County

   v.

Luis F. Pacheco-Mendez

July 7, 1997

Case No. CR97-160

BY JUDGE WILLIAM H. LEDBETTER, JR.

The defendant is charged on a County warrant with DUI, a violation of Virginia Code § 18.2-266, which Spotsylvania County has made a violation of its County Code by § 12-86.

Mr. Mendez concedes that the evidence would be sufficient for a conviction. However, he contends that § 12-86 is unenforceable because it has not been amended or re-enacted since 1994, notwithstanding several subsequent revisions of the state law, § 18.2-266, that the ordinance intends to incorporate by reference into the County Code.

The County acknowledges that § 12-86 has not been amended or re-enacted since 1994. The County further acknowledges that § 18.2-266, the pertinent state law, has been revised numerous times since 1994. However, the County argues, its ordinance is valid because Virginia Code § 46.2-1313, as amended in 1994, permits a locality to adopt an ordinance incorporating by reference certain state laws (such as the DUI statute) *and* all future amendments to those state laws.

The governing bodies of counties, cities, and towns may adopt ordinances to regulate the operation of vehicles, provided that such ordinances are not in conflict with state law. Virginia Code § 46.2-1300(A). Such ordinances may be adopted so that they incorporate appropriate provisions of state law (including § 18.2-266 et seq.) into local codes by reference. Virginia Code § 46.2-1313. Spotsylvania County has done that in § 12-86.

Mendez does not dispute the foregoing propositions. At issue is whether a locality must re-enact its "adoption-by-reference" ordinance periodically in order to pick up changes in state laws made by the General Assembly subsequent to the initial adoption of the ordinance.

Prior to 1994, § 46.2-1313 provided:

> Local authorities may enact ordinances incorporating by reference the appropriate provisions of state law before the effective date of such state law *provided such state law has been adopted by the General Assembly and signed by the Governor*, and provided further that such local ordinance shall become effective on the same date as the effective date of the state law. The provisions of this section are declaratory of existing law. [Emphasis added.]

Thus, local authorities could re-adopt their "adoption-by-reference" ordinances between the time a state law was enacted and the actual effective date (usually July 1 of the year of enactment), so that the local ordinance would be in place and consistent with state law on the effective date of the new state law.

In *Commonwealth v. Rivera*, 18 Va. App. 103 (1994), the Court of Appeals upheld a Fairfax ordinance that contained a provision for the prospective adoption-by-reference of future amendments to state law but limited the prospective reach of the ordinance to the circumstances described in the above-emphasized provision of § 46.2-1313.

Within days after *Rivera* was decided, the General Assembly amended § 46.2-1313, removing the emphasized language in the above quotation. The statute now reads, in pertinent part:

> Local authorities may adopt ordinances incorporating by reference the appropriate provisions of state law before the effective date of such state law; provided that such local ordinances do not become effective before the effective date of the state law.

Nevertheless, Mendez argues that the quoted provision of § 46.2-1313 "merely permits counties to enact or amend ordinances incorporating state statutes that have been amended, prior to the effective date of the amendments so as to avoid the period of time elapsing between the effective date of a state statute and the effective date of an amended ordinance. Obviously, the governing body of the county would know, in advance of the effective date, of

any changes in the state statutes enacted by the legislature and could ... amend or re-enact this ordinance prior to the effective date."

Undoubtedly, Mendez' argument would be correct if it had been argued at the time *Rivera* was decided. But to accept the argument today, after the General Assembly deliberately deleted the phrase "provided such state law has been adopted by the General Assembly and signed by the Governor," would mean that the 1994 amendment had no effect whatever.

In revising § 46.2-1313 on the heels of *Rivera*, the legislature manifested an intent to empower local authorities to incorporate future amendments and revisions to state laws by reference, without the limitation applied in *Rivera*.

When the legislature amends a statute by adding or omitting a provision, it must be presumed that the legislature acted with full knowledge of the existing law and intended by the revision to make some change in the existing law. *Wisniewsky v. Johnson*, 223 Va. 141 (1982); *Shaw v. Commonwealth*, 9 Va. App. 331 (1990). An amendment to a statute is always construed to mean something rather than nothing. *Southern Ry. Co. v. United States Casualty Co.*, 136 Va. 475 (1923). Further, an amendment is presumed to have been passed with a view to previous judicial construction. *Williams v. Dean*, 144 Va. 831 (1925). Finally, when a statute is amended, some parts of the former law being omitted, the parts omitted are considered annulled. To hold otherwise would impute to the legislature carelessness or ignorance or an intent that its action has no meaning. See 17 M.J., *Statutes*, § 94.

For this reason, the court holds that since July 1, 1994, local authorities that wish to incorporate certain state laws, such as § 18.2-266 et seq., into their local code by reference and include therein the adoption of any and all future amendments to those state laws without the need for annual re-adoption of the "adoption-by-reference" ordinance, are empowered to do so, so long as the ordinance specifically states an intent that it includes all future amendments to the state statutes as required by § 1-13.89:2.

Spotsylvania County adopted the current version of § 12-86 on July 14, 1994. The ordinance incorporates by reference § 18.2-266 et seq., as in force on July 1, 1994, "and as amended in the future."

Therefore, the County's "adoption-by-reference" ordinance validly incorporates § 18.2-266 as it existed in 1994 and all subsequent amendments and revisions to it. It follows that the warrant in this case should not be quashed or dismissed because it charges an offense under a proper and enforceable County law. Accordingly, Mendez' motion must be denied.

The trial of this case is carried forward to July 21, 1997, at 10:00 a.m. when it will be set for trial and disposition.